# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **Gregory Paul Violette; and** ) | |
| **Barbara A. Violette;** ) | |
|     Plaintiffs,  ) | |
| ) | |
| v.  ) | CASE NO. 2:25-cv-01020 |
| ) | |
| **West Capital Lending, Inc.;** ) | |
| **Robert Johnson VP of Operations,** ) | |
| **His Bond John Doe One;** ) | |
| **Linzey Ostrow VP of Corp.** ) | |
| **Strategy & Personnel, Her Bond** ) | |
| **John Doe Two; Giorgio Bertuol** ) | |
| **Pres. of Sales, His Bond John Doe** ) | |
| **Three,** ) | |
|     Defendants.  ) | |

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12

**COME NOW,** all Defendants, by and through their undersigned counsel, and move this Court to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and/or to strike Plaintiffs' complaint and require, pursuant to Federal Rules of Civil Procedure 9(b) and 12(e), a more definite statement. In support of said motion, Defendants state as follows:

### Introduction

Plaintiffs have filed a defective complaint for "fraud" in an attempt to recover $410,000 in damages. Plaintiffs, however, fail to state a claim upon which

1

relief can be granted and fail to plead fraud with specificity as required under the Federal Rules of Civil Procedure. As background, Plaintiff Gregory Paul Violette is a sophisticated litigant with an extensive history of criminal and civil litigation in the state and federal courts of Maine and Alabama. A summary of Mr. Violette's litigation history is annexed hereto as **Exhibit A**. Plaintiff Barbara A. Violette is believed to be Mr. Violette's wife. Defendant West Capital Lending, Inc., ("West Capital") is a mortgage lender based in California, which assisted Plaintiffs in obtaining a loan for their home in Andalusia, Alabama, in the Summer of 2025. The Defendants who are named in individual capacities are officers and employees of West Capital who have biographies on the website of the West Capital. *See* https://westcapitallending.com/team-members/.

## Procedural Posture

This matter was initially filed in the Circuit Court of Covington County, Alabama, on November 14, 2025. Defendants were served by certified mail on November 24 and 25, 2025. Defendants timely removed this action to the United States District Court for the Middle District of Alabama on December 23, 2025. (Doc. 1). Pursuant to Fed. R. Civ. Pro. 81(c)(2)(C), the instant motion is timely, being filed within seven days of the filing of said notice of removal.

## **Standard of Review**

"Federal Rule of Civil Procedure 9(b) requires that fraud be pleaded with specificity. The plaintiff's complaint must allege the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 568 (11th Cir. 1994).

The elements of fraud, as articulated by the Eleventh Circuit, are "[A] false representation of a material fact made by one who knew that it was false ..., made to one who did not know that it was false, with intent to deceive such person and to influence his action, which did deceive such person and influence his action to his damage." *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1294–95 (11th Cir. 2025).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will […] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."" *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009)(internal citations omitted).

## Argument

Plaintiffs' complaint, which is annexed to Defendants' Petition for Removal, alleges that "[t]he defendants caused things to us during the loan process that was fraud." *Complaint* at Introduction, page 1. Plaintiffs allege that Defendants "did get us a mortgage BUT the mortgage needs to be refinanced and there was a LARGE cost to getting the loan and now we are stuck in an unfair mortgage with a large interest cost which needs to be refinanced. They caused everything listed below and they must be punched for their wrong doings." *Id.*

From there, Plaintiffs provide several paragraphs which fail to allege any specific conduct beyond a general theory that they did not understand the terms of the mortgage to which they apparently agreed. Some of Plaintiffs' allegations appear to be definitions of conduct that are neither specifically alleged to have occurred nor pleaded with any degree of specificity. *Complaint* at pages 1-4.

Plaintiffs fail to allege any specific details of Defendants' allegedly fraudulent acts, when they occurred, or who engaged in them. Specificity in pleading for their claim of fraud requires Plaintiffs to set forth the material fact which was misrepresented, when the misrepresentation occurred, who made the misrepresentation, and, in the context of a claim that targets provisions of a written agreement, how Plaintiffs came to rely on such a misrepresentation despite their

4

duty to read the terms of the agreement they signed. Plaintiffs grossly fail to meet these requirements.

Plaintiffs name individual defendants but fail to allege any conduct on the part of those individually-named defendants. Plaintiffs do not otherwise mention these individuals beyond naming them in the caption of the complaint. Because there is no conduct alleged against these Defendants, there is no set of facts which could possibly entitle the Plaintiffs to relief against the individual defendants under the allegations set forth in their complaint. The Eleventh Circuit affirmed a dismissal of a *pro se* complaint which failed to allege any individual conduct under the less-specific pleading standard of a claimed civil rights violation in *Roberts v. Houston County Supreme Court*:

> Although Roberts appears to allege additional facts on appeal about the USPS's conduct, the factual allegations still fail to specify which individuals allegedly violated her rights or when her rights were allegedly violated and thereby fail to raise a right to relief above the speculative level, to state a claim to relief that is plausible on its face, or to give rise to a reasonable inference that USPS was liable for the alleged misconduct. *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974; *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Thus, the District Court did not err in dismissing without prejudice Roberts' amended complaint for failure to state a claim.

*Roberts v. Houston Cnty. Superior Ct.*, No. 20-14857, 2021 WL 6099478, at *4 (11th Cir. Dec. 23, 2021).

To the extent that Plaintiffs entered into a mortgage that they now wish to refinance, Defendants assert that the refinance process is a financial transaction which occurs outside of litigation and, therefore, Plaintiffs fail to state a claim upon which relief can be granted. Defendants respectfully submit that this action should be dismissed because "[e]ven as construed liberally for *pro se* plaintiffs, Plaintiff's complaint [against its mortgagee] fails to satisfy the rudimentary pleading requirements […]." *Middlebrooks v. Provision Mortg. Corp.*, No. 1:09-CV-1506-CAM-GGB, 2009 WL 10712097, at *2 (N.D. Ga. Nov. 3, 2009), *report and recommendation adopted*, No. 1:09-CV-1506-CAM, 2009 WL 10712101 (N.D. Ga. Dec. 10, 2009). In the case of *pro se* litigants, the Court can afford some leniency but should not "serve as "*de facto* counsel" or […] "rewrite an otherwise deficient pleading in order to sustain an action." *Roberts v. Houston Cnty. Superior Ct.*, No. 20-14857, 2021 WL 6099478, at *2 (11th Cir. Dec. 23, 2021), citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

To the extent the Court finds that Plaintiffs have alleged more than a desire to refinance, Defendants request that the Court strike the current complaint and afford Plaintiffs "one chance to amend the complaint and bring it into compliance with the rule." *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 568–69 (11th Cir. 1994).

**WHEREFORE, PREMISES CONSIDERED,** all Defendants respectfully request that this Court issue an Order:

a. **DISMISSING** Plaintiffs' complaint with prejudice; or, in the alternative;

b. **STRIKING** Plaintiffs' complaint and requiring Plaintiffs to replead their claims with specificity as to their claim of fraud and with specificity as to the actions of any named individual defendant.

/s/ John E. Rollins
John E. Rollins (ASB-1539-H71R)
*Attorney for Defendant West Capital Lending, Inc.*

**OF COUNSEL:**

John E. Rollins
HAND ARENDALL HARRISON SALE, LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone: 205-324-4400
jrollins@handfirm.com

Douglas L. McCoy
HAND ARENDALL HARRISON SALE, LLC
104 St. Francis St. Ste. 300
Mobile, Alabama 36602
Telephone: 251-432-5511
dmccoy@handfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day, December 30, 2025 served a copy of the foregoing pleading on the following listed counsel of record either electronically through this Court's CM/ECF System or by mailing the same by United States Mail, properly addressed and first-class postage prepaid.

Gregory Paul Violette
19992 Airport Road
Andalusia, AL 35421

Barbara A. Violette
19992 Airport Road
Andalusia, AL 35421

*/s/ John E. Rollins*
OF COUNSEL