IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA-
NORTHERN DIVISION

RECEIVED

2026 JAN -7 A 11: 22

TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Gregory Paul Violette,
Barbara A Violette,

      Plaintiffs,

Vs.

West Capital Lending, Inc.,
Robert Johnson VP of Operations,
His Bond John Doe One,
Linzey Ostrow VP of Corp. Strategy &
Personnel, Her Bond John Doe Two,
Giorgio Bertuol Pres. of Sales, His Bond
John Doe Three,

Defendants.

CASE NO. 2:25-cv-01020-ECM-JTA
FORMERLY CV-2025-900154.00
In the Circuit Court of Covington
County, Alabama

### PLANTIFF'S MOTION TO REMAND TO THE COVINGTON COUNTY ALABAMA CIRCUIT COURT

Plaintiffs, Gregory Paul Violette and Barbara A Violette, appearing **pro se**, respectfully moves this Court to remand this action to the **Covington County Circuit Court**, from which it was removed, and in support states as follows:

**I. INTRODUCTION**

1. This action was originally filed in the **Circuit Court of Covington County, Alabama**; a court of **general jurisdiction** authorized to hear the claims asserted.

1

2. Defendant, a **mortgage broker corporation**, removed the action to this Court pursuant to 28 U.S.C. § 1441, alleging federal jurisdiction.
3. Although Plaintiff's complaint references certain federal statutes, the **gravamen and primary focus** of the action arise under **Alabama state law**, including:
   a. Contract and rescission principles
   b. Fraud and misrepresentation
   c. Mortgage origination duties
   d. Property and consumer protection law
4. Removal was improper or, alternatively, remand is warranted because:
   a. Federal jurisdiction is **not exclusive**
   b. State law claims **predominate**
   c. This Court should **decline supplemental jurisdiction**
   d. Principles of **comity, federalism, and fairness** favor remand

## II. LEGAL STANDARD

5. Federal courts are courts of **limited jurisdiction**, and removal of statutes is **strictly construed**.
6. All **doubts concerning jurisdiction must be resolved in favor of remand**. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).
7. The removing defendant bears the **burden of establishing federal subject matter jurisdiction**.

## III. ARGUMENT I. INTRODUCTION

8. This action was originally filed in the **Circuit Court of Covington County, Alabama;** a court of **general jurisdiction** authorized to hear the claims asserted.

9. Defendant, a **mortgage broker corporation**, removed the action to this Court pursuant to 28 U.S.C. § 1441, alleging federal jurisdiction.

10. Although Plaintiff's complaint references certain federal statutes, the **gravamen and primary focus** of the action arise under **Alabama state law**, including:

    e. Contract and rescission principles
    f. Fraud and misrepresentation
    g. Mortgage origination duties
    h. Property and consumer protection law

11. Removal was improper or, alternatively, remand is warranted because:

    i. Federal jurisdiction is **not exclusive**
    j. State law claims **predominate**
    k. This Court should **decline supplemental jurisdiction**
    l. Principles of **comity, federalism, and fairness** favor remand

## III. ARGUMENT

### A. Plaintiff's Claims Are Predominantly State Law Claims

1. Plaintiff's claims arise from the conduct of a mortgage broker operating within Alabama and involve:
    a. Contract formation and validity
    b. Disclosure obligations
    c. Misrepresentations and omissions
    d. Duties imposed under Alabama law
2. Any federal statutes referenced in the complaint are **ancillary, supportive, or contextual**, and do not convert the action into one arising exclusively under federal law.
3. Alabama Circuit Courts are fully competent to hear and decide cases that involve federal statutes when raised in conjunction with state law claims.

## B. Federal Jurisdiction Is Not Exclusive and Does Not Override Plaintiff's Chosen Forum

11. The federal statutes referenced by Plaintiff do **not confer exclusive federal jurisdiction**.
12. Where jurisdiction is concurrent, a plaintiff's **choice of forum is entitled to substantial deference**, particularly when the action was properly filed in state court.
13. Defendant cannot manufacture federal jurisdiction merely by characterizing the complaint as federal when:
- State law claims predominate, and
- Federal issues are not the primary basis for relief.

## C. This Court Should Decline Supplemental Jurisdiction

*(28 U.S.C. § 1367(c))*

14. Even if this Court determines that limited federal question jurisdiction exists, remand is still appropriate because:

a. State law claims **substantially predominate** over any federal claims;
b. The action involves **important issues of Alabama mortgage and contract law**;
c. The case was properly filed in a court of **general jurisdiction**;
d. Remand promotes **judicial economy, fairness, and comity**.

15. Alabama has a strong sovereign interest in adjudicating disputes involving:
- Mortgage brokers regulated under Alabama law
- Property located within Alabama
- Alabama consumers and residents

4

### D. Removal Creates Unnecessary Prejudice to a Pro Se Plaintiff

16. Plaintiff is **not an attorney** and filed this action in Alabama Covington County Circuit Court in good faith reliance on that court's accessibility and general jurisdiction.
17. Removal to federal court imposes heightened procedural and technical burdens that:
- Are unnecessary for resolution of the dispute
- Prejudice a pro se litigant
- Do not advance the interests of justice
18. Remand restores the case to the forum originally selected by Plaintiff and contemplated by Alabama law.

## IV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. **Remand this action** to the **Circuit Court of Covington County, Alabama**;
2. Grant such other and further relief as the Court deems just and proper.

Dated at Andalusia, AL, on the 5th day of January 2026.

Gregory Paul Violette
Plaintiff, Pro Se
19992 Airport Rd
Andalusia, AL 36421
207-399-7567

Barbara A Violette
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on this 30th day of December 2025, a copy of the foregoing Motion to Remand was served on all counsel of record via U.S. Mail, properly addressed and first-class postage prepaid.

Hand Arendall Harrison Sale LLC
1801 5th Ave North
Suite 400
Birmingham, AL 35203


Gregory Paul Violette

19992 Airport Rd
Andalusia, AL 36421

MONTGOMERY AL 360
6 JAN 2026   PM 3

U.S. District Court
One Church St.
Suite B-110
Montgomery, AL 36104

36104-401801