## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| Gregory Paul Violette; and | ) | |
| Barbara A. Violette; | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-01020 |
| | ) | |
| West Capital Lending, Inc.; | ) | |
| Robert Johnson VP of Operations, | ) | |
| His Bond John Doe One; | ) | |
| Linzey Ostrow VP of Corp. | ) | |
| Strategy & Personnel, Her Bond | ) | |
| John Doe Two; Giorgio Bertuol | ) | |
| Pres. of Sales, His Bond John Doe | ) | |
| Three, | ) | |
|     Defendants. | ) | |

## DEFENDANTS' REPLY BRIEF ADDRESSING PLAINTIFFS' FAILURE TO RESPOND TO DEFENDANTS' MOTION TO DISMISS

**COME NOW,** all Defendants, by and through their undersigned counsel, and respond to the Court's first Order to Show Cause in this matter (Doc. 5). Defendants state as follows:

Defendants, after properly removing this action on the grounds of diversity, filed a Motion to Dismiss which argued that this matter should be dismissed with prejudice for failure to state a claim upon which relief can be granted. *See* Doc. 2.

On December 31, 2025, this Court required that Plaintiffs show cause in writing why Defendants' Motion to Dismiss should not be granted by no later than January 21, 2026, and specifically advised Plaintiffs "to address the issues raised

1

by Defendants in the motion to dismiss and state why this case should not be dismissed." *See* Doc. 5, at paragraph 2. Plaintiffs were also cautioned that failing to show cause, or failing to comply with the Court's Order, would result in the Magistrate Judge recommending that the Complaint be dismissed. *Id.* Defendants were directed to file a Reply brief on or before January 28, 2026. *See* Doc. 5, at paragraph 3.

Plaintiffs have not filed any direct responses to the Court's Order to date, and, thus, Plaintiffs appear to have failed to meet the deadline imposed by the Court to show cause why dismissal with prejudice should not be granted. Defendants respectfully submit that the Court clearly instructed Plaintiffs to submit a direct response to the first Order to Show Cause. Should the Court find that the Plaintiffs failed to respond, Defendants respectfully submit that the Court should grant the Defendants' motion and dismiss Plaintiffs' Complaint with prejudice.

Plaintiffs filed a Motion for Leave to Amend their complaint, which is dated January 7, 2026, and which mentions the pending Motion to Dismiss in passing as part of the procedural background. *See* Doc. 10.

To the extent the Court would construe the Plaintiffs' Motion for Leave to Amend to be the Plaintiffs' "response" to the Motion to Dismiss, Defendants respectfully submit that Plaintiffs' Motion for Leave to Amend categorically fails to address the issues raised by in Defendants' Motion to Dismiss as required by the

Court's Order to Show Cause. *Compare* Docs. 2, 5, and, 10. Defendants do not concede that the Plaintiffs are entitled to leniency as *pro se* filers excusing their failure to respond to the Order to Show Cause but, in case the Court decides to evaluate the Plaintiffs' Motion for Leave to Amend as a response, Defendants will address it in that context below.[1]

## I.   **Plaintiffs Fail to Substantively Address Defendants' Motion to Dismiss, Even if Plaintiffs' Motion for Leave to Amend is Construed as Plaintiffs' Response.**

Defendants' Motion to Dismiss sets forth, with citations to supporting case law, the elements of a claim for fraud. Plaintiffs neither address Defendants' recitation of the elements of their fraud claim nor contend that anything more than "fraud" was claimed. *Compare* Doc. 2 at p. 4-7, with Doc. 10. To the extent Plaintiffs will later claim that their Complaint alleged any causes of action beyond fraud, Defendants respectfully submit that failing to respond as directed by the Court should estop Plaintiffs from making any pivot in a later-filed pleading.

Defendants' Motion to Dismiss argued that Plaintiffs' Complaint was due to be dismissed for failing to allege any specific conduct which would satisfy the elements of a claim of fraud. Plaintiffs do not argue that their Complaint was sufficiently fact-specific or that it did contain specific factual allegations, but merely seek leave to file an amended complaint which, by Plaintiffs' admission,

---

[1] Defendants will respond to the Plaintiffs' Motion for Leave to Amend directly, under separate

also apparently contains only generalized references to conduct without specific allegations:

> 9. The proposed First Amended Complaint alleges **specific facts**, including:
>    a. Misrepresentations and omissions during the loan origination process;
>    b. Discrepancies between the Loan Estimate and Closing Disclosure;
>    c. Undisclosed fees, compensation, and kickbacks;
>    d. Inflated appraisal practices;
>    e. Falsified or unauthorized loan documents;
>    f. Predatory loan terms cause ongoing financial harm.

*See* Doc. 10 at section III (bold in Plaintiffs' original).

Defendants' respectfully submit that the foregoing excerpt provides neither specificity in general terms nor specificity beyond the content of the original Complaint. To the extent the Court construes Plaintiffs' Motion for Leave to Amend to be a response to the first Order to Show Cause, Plaintiffs have failed to address the Defendants' arguments regarding the lack of specificity, and instead provide a recitation of claims that is even less specific in its detail.

Defendants' Motion to Dismiss argued that the facts contained in Plaintiffs' Complaint do not permit the Court to infer more than the mere possibility of misconduct, and instead appear to be a statement of Plaintiffs' desire to refinance their mortgage. *See* Doc. 2 at p. 3-6. Defendants specifically noted that Plaintiffs' Complaint names three individual defendants (employees whose names are

---

cover, as required by the Court's Third Order to Show Cause. *See* Doc. 11.

4

believed to have been taken from the website of West Capital Lending, Inc.) but that the Complaint does not allege any specific conduct against any one of these individual defendants. *See* Doc. 2 at p. 5. Again, Plaintiffs' Motion for Leave to Amend, if construed as Plaintiffs' response to the Court's Order to Show Cause, completely fails to address a central aspect of Defendants' Motion to Dismiss.

Defendants' submit that Plaintiffs have effectively failed to respond to the Court's Order to Show Cause by failing to provide any direct response and also failing to provide any suitable indirect response in their Motion for Leave to Amend. Therefore, Defendants reiterate their request that Plaintiffs' Complaint be dismissed with prejudice.

## II.     **Plaintiffs' Motion for Leave to Amend is Improper as It Lacks Proper Support and Violates M.D. Ala. LR 15.1.**

As noted above in Footnote 1, Defendants will file a response to Plaintiffs' Motion for Leave to Amend under separate cover, as directed by the Court's third Order to Show Cause. *See* Doc. 11. However, as the Court may evaluate the Motion to Dismiss first, Defendants must raise three issues with Plaintiffs' Motion for Leave to Amend.

First, Defendants note that Plaintiffs may be relying on a generative artificial intelligence platform, such as ChatGPT, to assist in drafting pleadings. Defendants do not claim that such a use is impermissible, so long as that use is subject to the safeguards of Federal Rule of Civil Procedure 11. At the same time, Defendants

5

note that generative artificial intelligence platforms can lead unwary users into creating submissions with non-existent legal citations and/or citations which fail to adequately support the proposition in question.

For the purposes of clarity in the record of this matter, Defendants' counsel submits that the quoted language Plaintiffs represent as being located in Federal Rule of Civil Procedure 15(a)(2) is not entirely accurate when compared to the text of the actual rule. The second sentence of Federal Rule of Civil Procedure 15(a)(2) reads: "The court should freely give leave when justice so requires." The quoted language provided by Plaintiffs, "freely given when justice so requires" does not appear in the text of the rule. *Compare* Fed. R. Civ. Pro. 15(a)(2) with Doc. 10, at Section II.

Second, Defendants note that Plaintiffs' Motion for Leave to Amend references precedent and Eleventh Circuit holdings, but fails to supply any citations to actual legal authority. *See* Doc. 10 at Sections II and V. Defendants respectfully contend that Plaintiffs' Motion for Leave to Amend suffers from the same defects as the Complaint, in that it makes general factual statements and legal arguments without referencing any specific facts or legal authority. By submitting a filing that makes legal arguments and alludes to legal authority, but does not supply legal authority, Plaintiffs would impermissibly convert the Court into counsel. *Mangrum v. Fears*, No. 2:06-CV-0825-MEF, 2007 WL 1159943, at *3

6

(M.D. Ala. Apr. 18, 2007) (a district court overseeing a matter involving *pro se* litigants "does not have 'license to serve as *de facto* counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action.'").

Defendants respectfully submit that the standard set forth by the Eleventh Circuit in *Jamison* should guide the Court's handling of the Violette Plaintiffs' filings:

> "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotations omitted). Nevertheless, "[w]hile we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (internal citation omitted). "Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.")

*Jamison v. United States Marshals Serv.*, No. 23-11218, 2024 WL 4524681, at *2 (11th Cir. Oct. 18, 2024).[2]

---

[2] Defendants note that the standards discussed in the quoted portion of *Jamison* relate to the failure to raise issues and provide authority in the appellate context. Notwithstanding, Defendants urge that application of a similar principle is appropriate in the instant context of a Motion to Dismiss.

Finally, Defendants note that Plaintiffs' Motion for Leave to Amend is deficient under Local Rule 15.1 because it fails to attach the Proposed Amended Complaint. *See* M.D. Ala. LR 15.1. While not ordinarily fatal to a Motion for Leave to Amend, Defendants put Plaintiffs on notice of the resources that the Middle District of Alabama makes available for *pro se* plaintiffs by letter dated December 23, 2025, which was the cover letter to the copy of the removal package served on Plaintiffs. *See* **Exhibit A**, Defendants' Counsel's Letter to Plaintiffs dated December 23, 2025. As will be argued in response to the Motion for Leave to Amend, Defendants submit that putting Plaintiffs on notice of the resources available to *pro se* Plaintiffs (specifically denoting the relevance of the Federal Rules of Civil Procedure as well as the Middle District's Local Rules) should lessen the degree of leniency that the Court adopts in evaluating of these specific Plaintiffs' filings.

As underscored in this Court's opinion in *Mangrum v. Fears*, the Middle District of Alabama does not relieve *pro se* plaintiffs of the obligations of Federal Rule of Civil Procedure 11, or the consequences of a failure to comply with same:

> ***This court also deems it appropriate now to advise Mangrum that pro se* litigants are also bound to honor <u>Rule 11 of the Federal Rules of Civil Procedure</u>,** which provides in pertinent part at <u>Rule 11(b)</u>:
>> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or

other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

***A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting*** "an inquiry reasonable under the circumstances" in order to inform his "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(2) provides:

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of

9

> some or all of the reasonable attorneys' fees
> and other expenses incurred as a direct result
> of the violation.

*Mangrum v. Fears*, No. 2:06-CV-0825-MEF, 2007 WL 1159943, at \*4 (M.D. Ala. Apr. 18, 2007) (emphasis in original).

Defendants contend that the cover letter which accompanied the removal package put Plaintiffs on notice of these same provisions, and that Plaintiff Gregory Violette has extensive experience in both federal and state court litigation which militates against evaluating these pleadings with leniency otherwise afforded to a first time *pro se* plaintiff.

Defendants respectfully assert that Plaintiffs' Complaint is due to be dismissed with prejudice.

Respectfully submitted,

/s/ John E. Rollins
John E. Rollins (ASB-1539-H71R)
*Attorney for Defendants*

**OF COUNSEL:**

John E. Rollins
HAND ARENDALL HARRISON SALE, LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone: 205-324-4400
jrollins@handfirm.com

10

Douglas L. McCoy
HAND ARENDALL HARRISON SALE, LLC
104 St. Francis St. Ste. 300
Mobile, Alabama 36602
Telephone: 251-432-5511
dmccoy@handfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day, January 28, 2026, served a copy of the foregoing pleading on the following listed counsel of record either electronically through this Court's CM/ECF System or by mailing the same by United States Mail, properly addressed and first-class postage prepaid.

Gregory Paul Violette
19992 Airport Road
Andalusia, AL 35421

Barbara A. Violette
19992 Airport Road
Andalusia, AL 35421

*/s/ John E. Rollins*
OF COUNSEL