**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **Gregory Paul Violette; and** | ) | |
| **Barbara A. Violette;** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 2:25-cv-01020** |
| | ) | |
| **West Capital Lending, Inc.;** | ) | |
| **Robert Johnson VP of Operations,** | ) | |
| **His Bond John Doe One;** | ) | |
| **Linzey Ostrow VP of Corp.** | ) | |
| **Strategy & Personnel, Her Bond** | ) | |
| **John Doe Two; Giorgio Bertuol** | ) | |
| **Pres. of Sales, His Bond John Doe** | ) | |
| **Three,** | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' PRELIMINARY RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

**COME NOW,** all Defendants, by and through their undersigned counsel, and preliminarily, partially oppose the Plaintiffs' Motion for Leave to Amend (Doc. 10) as directed by the Court's third Order to Show Cause in this matter (Doc. 11). Defendants state as follows:

Plaintiffs' Motion for Leave to Amend is deficient under Local Rule 15.1 because it fails to attach Plaintiffs' proposed Amended Complaint. *See* M.D. Ala. LR 15.1. Insofar as Plaintiffs are required to file the proposed amended pleading with any motion for leave to amend, Defendants would respectfully request a

1

further opportunity to respond to this motion once the proposed amended pleading can be evaluated.

Alternatively, while not ordinarily fatal to a Motion for Leave to Amend, Defendants believe that the Court would be entitled to deny Plaintiffs leave to amend as the Plaintiffs were on notice of the local rules of the Middle District prior to this filing. *See* **Exhibit A**, Defendants' Counsel's Letter to Plaintiffs dated December 23, 2025. Defendants submit that putting Plaintiffs on notice of the resources available to *pro se* Plaintiffs (specifically denoting the relevance of the Federal Rules of Civil Procedure as well as the Middle District's Local Rules) should lessen the degree of leniency that the Court adopts in evaluation of these specific Plaintiffs' filings.

Plaintiffs' Motion for Leave to Amend provides a general recital of what the Proposed Amended Complaint would allege:

> 9. The proposed First Amended Complaint alleges **specific facts**, including:
>     a. Misrepresentations and omissions during the loan origination process;
>     b. Discrepancies between the Loan Estimate and Closing Disclosure;
>     c. Undisclosed fees, compensation, and kickbacks;
>     d. Inflated appraisal practices;
>     e. Falsified or unauthorized loan documents;
>     f. Predatory loan terms cause ongoing financial harm.

*See* Doc. 10 at section III (bold in Plaintiffs' original).

2

Defendants respectfully submit that the foregoing excerpt provides neither specificity in general terms nor specificity beyond the content of the original Complaint. Plaintiffs' Motion for Leave to Amend correctly notes that leave can be denied where amendment would be futile. *See* Doc. 10 at paragraph 5. Without reviewing the Proposed Amended Complaint itself, Defendants are not able to comment on whether the proposed amendment would be futile. Defendants respectfully request that the Court permit a supplemental opposition if Plaintiffs are required to supplement their motion with a copy of the Proposed Amended Complaint.

In case the Plaintiffs are not required to supplement their Motion for Leave with a copy of the Proposed Amended Complaint, Defendants oppose the request for the following additional reasons and request that leave to amend be denied.

## I.      Plaintiffs' Motion for Leave to Amend Lacks Proper Support.

For the purposes of clarity in the record of this matter, Defendants' counsel submits that the quoted language Plaintiffs represent as being located in Federal Rule of Civil Procedure 15(a)(2) is not completely accurate when compared to the text of the actual rule.[1] The second sentence of Federal Rule of Civil Procedure 15(a)(2) reads: "The court should freely give leave when justice so requires." The

---

[1] As noted in Defendants' Reply Brief on Defendants' Motion to Dismiss, it appears that Plaintiffs may be relying on generative artificial intelligence to draft pleadings, possibly resulting in this minor inconsistency.

3

quoted language provided by Plaintiffs, "freely given when justice so requires" does not appear in the text of the rule. *Compare* Fed. R. Civ. Pro. 15(a)(2) with Doc. 10, at Section II.

Defendants note that Plaintiffs' Motion for Leave to Amend references precedent and Eleventh Circuit holdings, but fails to supply any citations to actual legal authority. *See* Doc. 10 at Sections II and V. Defendants respectfully assert that Plaintiffs' Motion for Leave to Amend suffers from the same defects as the Complaint in that it makes general factual statements and legal arguments without referencing any specific facts or legal authority. By submitting a filing that makes legal arguments but merely alludes to legal authority, Plaintiffs would impermissibly convert the Court into counsel. *Mangrum v. Fears*, No. 2:06-CV-0825-MEF, 2007 WL 1159943, at *3 (M.D. Ala. Apr. 18, 2007) (a district court overseeing a matter involving *pro se* litigants "does not have 'license to serve as *de facto* counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action.'").

Defendants respectfully urge that Plaintiffs' Motion for Leave to Amend should either be denied or that Plaintiffs' should be required to supplement the motion with a copy of the Proposed Amended Complaint so that Defendants may respond.

Respectfully submitted,

*/s/ John E. Rollins*

John E. Rollins (ASB-1539-H71R)
*Attorney for Defendants*

**OF COUNSEL:**

John E. Rollins
HAND ARENDALL HARRISON SALE, LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone: 205-324-4400
jrollins@handfirm.com

Douglas L. McCoy
HAND ARENDALL HARRISON SALE, LLC
104 St. Francis St. Ste. 300
Mobile, Alabama 36602
Telephone: 251-432-5511
dmccoy@handfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day, January 29, 2026 served a copy of the foregoing pleading on the following listed counsel of record either electronically through this Court's CM/ECF System or by mailing the same by United States Mail, properly addressed and first-class postage prepaid.

Gregory Paul Violette
19992 Airport Road
Andalusia, AL 35421

Barbara A. Violette
19992 Airport Road
Andalusia, AL 35421

*/s/ John E. Rollins*
OF COUNSEL