## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

Gregory Paul Violette; and     )
Barbara A. Violette;     )
    Plaintiffs,     )
    )
v.     )     CASE NO. 2:25-cv-01020
    )
West Capital Lending, Inc.;     )
Robert Johnson VP of Operations,     )
His Bond John Doe One;     )
Linzey Ostrow VP of Corp.     )
Strategy & Personnel, Her Bond     )
John Doe Two; Giorgio Bertuol     )
Pres. of Sales, His Bond John Doe     )
Three,     )
    Defendants.     )

### DEFENDANTS' RESPONSE IN OPPOSITION
### TO PLAINTIFFS' MOTION TO REMAND

**COME NOW,** all Defendants, by and through their undersigned counsel, and oppose the Plaintiffs' Motion to Remand (Doc. 7) as directed by the Court's second Order to Show Cause in this matter (Doc. 8). Defendants state as follows:

Plaintiffs' Motion to Remand fails to identify any basis for remand of this matter to State Court beyond mere preference of the Plaintiffs. The Motion to Remand is therefore improper and should be denied.

### I.    Defendants' Removal of this Matter was Proper.

Defendants removed this action on the grounds of diversity on December 23, 2025. *See* Doc. 1. This removal was proper under 28 U.S.C. §1441(a) and (b). The

1

former provision permits removal of civil actions from State Courts to Federal District Courts, if the Federal District Court has original jurisdiction over the to-be-removed action. The latter provision establishes that 28 U.S.C. § 1332(a) is a category of removable actions under Section 1441(a). *See* 28 U.S.C. § 1441(a) and (b). Defendants identified this as a diversity removal in paragraph 5 of the Notice of Removal. *See* Doc. 1 at paragraph 5.

Under 28 U.S.C. § 1332(a)(1), the Federal District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Plaintiffs have sued for $410,000. *See* Doc. 1-2, page 4, at "Conclusion" paragraph. Each defendant to the State Court action identified their State of citizenship by affidavit or corporate disclosure statement and all were diverse. *See* Doc 1-1.

Finally, 28 U.S.C. § 1446 (a), (b)(1), and (b)(2), impose the following respective procedural requirements: (a) – the notice of removal filed in Federal District Court must state a short and plain statement of the grounds for removal, and must include a copy of all process, pleadings and orders served upon such defendants; (b)(1) – the notice of removal must be filed within 30 days of the service of the summons and complaint on the defendant; and, (b)(2) – all

defendants served prior to removal must consent to removal. *See* 28 U.S.C. § 1446 (a), (b)(1), and (b)(2).

Defendants' Notice of Removal included a short and plain statement of the grounds for removal; specifically, that there was a sufficient amount in controversy and complete diversity between every plaintiff and every defendant. And such notice was filed with a copy of the entire State Court record prior to removal. *See* Doc. 1 at paragraph 5 and Doc. 1-2. Defendants' Notice of Removal was timely filed within 30 days of the service of the State Court Complaint on the first defendant to be served (West Capital Lending, Inc., on November 24, 2025). *Compare* Doc. 1 with Doc. 1-2 at page 13. Each Defendant to the State Court action consented to West Capital Lending, Inc.'s Notice of Removal. *See* Doc 1-1 at pages 4-9.

Accordingly, Defendants respectfully submit that the underlying State Court civil action was an action over which this Federal District Court has concurrent, original jurisdiction, and that the procedural removal process was satisfied.

## II.    Plaintiffs' Motion to Remand Fails to State Any Basis for Remand Applicable to this Matter.

Plaintiffs' Motion to Remand contains factual inaccuracies and legal arguments which are not relevant to the basis upon which this matter was removed from State Court. Plaintiffs' theory for remand is unclear, and largely relates to federal question jurisdiction and/or supplemental jurisdiction. In any case,

Plaintiffs' Motion to Remand fails to establish any valid basis to remand this matter to State Court and fails to provide any authority to the Court which would support a remand.

At paragraph 3, Plaintiffs state that their Complaint "references certain federal statutes." *See* Doc. 7 at paragraph 3. This is false; Plaintiffs' Complaint does not reference any statutes, state or federal. *See* Doc. 1-2 at pages 1-4. The balance of this paragraph states that the Plaintiffs' claims arise under state law. *See* Doc. 7 at paragraph 3. While this may be true, there is no prohibition or limitation to diversity-based removal for an action involving state law claims; instead, removal on diversity grounds turns solely on diverse citizenship and amount-in-controversy, as set forth in the first section of this motion.

At paragraph 4, Plaintiffs state that removal was improper but fail to identify any actual impropriety. *See* Doc. 7 at paragraph 4. They first claim that "federal jurisdiction is not exclusive." *Id.* The statute which authorizes the removal of this action, 28 U.S.C. § 1441(a), allows removal of actions that are initially filed in State Court, if the action could have been filed in Federal Court. *See* 28 U.S.C. § 1441(a). Put another way, removal does not require exclusive federal jurisdiction, but is permitted in actions where there is concurrent jurisdiction in both State and Federal Courts, as here.

Plaintiffs continue by asserting that state law claims predominate. *See* Doc. 7 at paragraph 4. Defendants reiterate: while this may be true, there is no requirement that actions removed on the basis of diversity contain claims that predominantly arise under federal law; instead, removal on diversity grounds is solely dependent upon diverse citizenship and amount-in-controversy, as set forth in the first section of this motion.

Plaintiffs' third claim of impropriety states that this "Court should decline supplemental jurisdiction" without providing any justification for Plaintiffs' request. *See* Doc. 7 at paragraph 4. Federal supplemental jurisdiction is authorized under 28 U.S.C. § 1367 and establishes that a Federal Court which has original jurisdiction over an action also has supplemental jurisdiction over other claims which form part of the same case or controversy. *See* 28 U.S.C. § 1367. As established in Defendants' Notice of Removal and in the first section of this filing, this Court would have had original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). Therefore, Defendants' submit that any discussion of "supplemental jurisdiction" is irrelevant in the context of a case removed on the basis of diversity.

Plaintiffs' final claim of impropriety states that the principles of comity, federalism, and fairness favor remand. *See* Doc. 7 at paragraph 4. Plaintiffs provide nothing further in support of this theory. As to comity, Defendants' submit that in

no way does the removal of this action to Federal Court reflect any animus towards the State Courts of Alabama. Upon the filing of the Notice of Removal in State Court, State Circuit Court Judge Hon. Grace M. Jeter transferred the State Court action to her administrative docket without raising any concern as to the propriety of this removal, or removals in general. *See* 23-CV-2025-900154 at Doc. 27. Defendants submit that if the Notice of Removal were an insult to the State Court, Hon. Jeter would have been in the best position to raise such a concern and that, because she made no such complaint, Plaintiffs' comity concern is unwarranted.

As to federalism and fairness, Defendants state that the right to seek a diversity removal is, itself, a device that is founded upon the importance of fairness in a legal system built around federalist principles: "The original purpose of diversity jurisdiction was 'based on the desire of the Framers to assure out-of-state litigants courts free from susceptibility to potential local bias.'" *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1372 (N.D. Ga. 2011) (quoting *Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 52, 75 S. Ct. 151, 154, 99 L. Ed. 59 (1954))

At paragraph 5, Plaintiffs argue that Federal Courts are of limited jurisdiction and that "removal of statutes is strictly construed." *See* Doc. 7 at paragraph 5. Defendants submit that this action falls within the Federal Court's limited original jurisdiction and that it is unclear what, if any, removal statute Plaintiffs believe has been liberally construed. Absent a more specific articulation

of this concern, Defendants can only respond by reiterating that federal diversity jurisdiction exists for this action and the action was properly removed.

At paragraph 6, Plaintiffs cite to *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994).[1] *See* Doc. 7 at paragraph 6. In *Burns*, the "doubt" over whether removal was appropriate related to the amount in controversy because the plaintiff's complaint requested only $45,000 in damages and the amount-in-controversy requirement was $50,000 at that time. *Burns v. Windsor*, 31 F.3d 1092, 1094-1096 (11th Cir. 1994). *Burns* is thus easily distinguished from the instant action, as Plaintiffs' Verified Complaint claims $410,000 in damages. *See* Doc 1-2 at page 4, "Conclusion" section. Defendants submit that there is no reasonable argument that the basis for remand in *Burns* applies in this action, and that *Burns* is therefore irrelevant to the discussion before the Court.

Plaintiffs correctly assert in paragraph 7 that the removing defendant has the burden of establishing federal subject matter jurisdiction. *See* Doc. 7 at paragraph 7. Defendant West Capital Lending, Inc., the removing defendant, has established federal subject matter jurisdiction in the Notice of Removal, as set forth in the first section of this filing. *See* Doc. 1.

---

[1] Defendants note that the case cited by Plaintiffs relates to a remand challenge to a <u>diversity</u> removal. Plaintiffs, however, primarily base their remand challenge on federal question jurisdiction and supplemental jurisdiction, which are not relevant to this diversity removal.

Plaintiffs, at paragraphs 8-9, correctly note that Defendants removed this action from State Court to Federal Court by alleging there is federal jurisdiction. *See* Doc. 7 at paragraphs 8-9. Defendants agree and submit that this concession undermines Plaintiffs' Motion to Remand.

Plaintiffs, at paragraphs 10-11, merely reiterate the arguments they previously made in paragraphs 3-4, without more. *Compare* Doc. 7 paragraphs 3-4 and paragraphs 10-11. Defendant adopts its response to Paragraphs 3-4, as set forth above.

Plaintiffs' Motion to Remand has two sections identified as "III. Argument." In the second, Plaintiffs attempt to expand on their theory that a complaint that mentions federal statutes does not automatically qualify for federal question jurisdiction. *See* Doc. 7 at page 3, second Section III, Subsection A, 1-3. As set forth above, Defendants removed this action on the basis of diversity and amount-in-controversy, not federal question jurisdiction. *See* Doc. 1. Moreover, Plaintiffs' representation that the Complaint references federal statutes is a misrepresentation – Plaintiffs' Complaint does not reference any statutes, State or Federal. *See* Doc. 1-2, pages 1-4.

At Subsection B of Section III, Plaintiffs argue that there is no exclusive federal jurisdiction over Plaintiffs' claims and that the Plaintiffs' choice of forum is entitled to substantial deference. *See* Doc. 7 at page 3, second Section III,

Subsection B, 11-13.[2] Plaintiffs' arguments here are cumulative of arguments set forth earlier in their Motion to Remand. As set forth above, the statute which authorizes the removal of this action, 28 U.S.C. § 1441(a), allows removal of actions that are initially filed in State Court if the action could have been filed in Federal Court. *See* 28 U.S.C. § 1441(a). Put another way, removal does not require exclusive federal jurisdiction, but is permitted in actions where there is concurrent jurisdiction in both State and Federal Courts, as here.

Subsection C of Section III combines Plaintiffs' prior arguments regarding federal question jurisdiction – which is categorically not at issue in this action – and judicial economy, fairness, and comity. *See* Doc. 7 at page 4, second Section III, Subsection C. Plaintiffs cite to 28 U.S.C. § 1367(c), which provides a basis for a Federal Court exercising original federal question jurisdiction to decline to exercise further federal *supplemental* jurisdiction over claims related to those over which the Court has original jurisdiction. *See* 28 U.S.C. § 1367(c). As established in Defendants' Notice of Removal and in the first section of this filing, this Court would have had original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and, therefore, Defendants submit that any discussion of "federal

---

[2] Defendants note that Plaintiffs' Motion to Remand uses multiple paragraph numbering styles and formats, such that paragraph numbering jumps from 1-3 in Subsection A to 11-13 in Subsection B.

question jurisdiction" and the exceptions to "supplemental jurisdiction" is irrelevant.[3]

Finally, Plaintiffs argue in general terms that Federal Court is prejudicial to them, because of their *pro se* status. *See* Doc. 7 at page 4, second Section III, Subsection D. Defendants submit that this is neither true, nor, even if accepted as true *arguendo*, a valid basis for remand. When this action was removed, Defendants' counsel served on Plaintiffs a copy of the removal paperwork with a cover letter that alerted Plaintiffs to the resources the Middle District of Alabama makes available to *pro se* plaintiffs. *See* **Exhibit A**, Defendants' Counsel's Letter to Plaintiffs dated December 23, 2025. Defendants submit, that upon a review of the website of the Circuit Court of Covington County, the only assistance offered to *pro se* plaintiffs relates to registration for State e-filing access. *See* https://covington.alacourt.gov/. In the case of Mr. Violette specifically, Defendants urge that any professed lack of experience in Federal Court does not comport with his near 26-years of experience as a *pro se* filer and litigant, often in Federal Court. *See* Doc. 2-1.

In sum, Plaintiffs fail to offer any legitimate basis in their Motion to Remand, and, instead, rely on arguments that relate to irrelevant forms of federal

---

[3] Defendants note that Plaintiffs appear to be using generative artificial intelligence to prepare pleadings. As set forth in greater detail in Defendants' Reply Brief on Defendants' Motion to Dismiss, use of these platforms can result in arguments and legal theories which are not

jurisdiction, patently distinguishable case law, and statements of mere venue preference. Defendants contend that Plaintiffs' filing is completely insufficient to defeat a valid removal. Defendants respectfully urge this Court to deny Plaintiffs' Motion to Remand as frivolous, unsupported, and improper.

Respectfully submitted,

/s/ John E. Rollins
John E. Rollins (ASB-1539-H71R)
*Attorney for Defendants*

**OF COUNSEL:**

John E. Rollins
HAND ARENDALL HARRISON SALE, LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone: 205-324-4400
jrollins@handfirm.com

Douglas L. McCoy
HAND ARENDALL HARRISON SALE, LLC
104 St. Francis St. Ste. 300
Mobile, Alabama 36602
Telephone: 251-432-5511
dmccoy@handfirm.com

---

applicable. Defendants note that the use of generative artificial intelligence may account for the misrepresentations and inapplicable legal theories found in this motion.

11

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day, January 29, 2026 served a copy of the foregoing pleading on the following listed counsel of record either electronically through this Court's CM/ECF System or by mailing the same by United States Mail, properly addressed and first-class postage prepaid.

Gregory Paul Violette
19992 Airport Road
Andalusia, AL 35421

Barbara A. Violette
19992 Airport Road
Andalusia, AL 35421

/s/ John E. Rollins
OF COUNSEL

12