IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA-
NORTHERN DIVISION

Gregory Paul Violette,
Barbara A Violette,

      Plaintiffs,

Vs.                                                       CASE NO. 2:25-cv-01020-ECM-JTA

West Capital Lending, Inc.,
Robert Johnson VP of Operations,
His Bond John Doe One,
Linzey Ostrow VP of Corp. Strategy &
Personnel, Her Bond John Doe Two,
Giorgio Bertuol Pres. of Sales, His Bond
John Doe Three,

Defendants.

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND

Plaintiffs, Gregory Paul Violette and Barbara A. Violette, appearing pro se, respectfully submit this Reply in support of their Motion to Remand and in response to Defendants' Opposition, and state as follows:

### I. DEFENDANTS MISCHARACTERIZE PLAINTIFFS' BASIS FOR REMAND

Defendants assert that Plaintiffs' Motion to Remand "fails to identify any basis for remand beyond mere preference." This assertion is incorrect.

1

Plaintiffs do **not** seek remand based on preference. Plaintiffs seek remand because **this Court lacks original subject-matter jurisdiction under 28 U.S.C. § 1331**, and therefore removal under 28 U.S.C. § 1441 was improper.

Federal courts are courts of limited jurisdiction, and **any doubt regarding jurisdiction must be resolved in favor of remand**.
*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## II. NO FEDERAL QUESTION APPEARS ON THE FACE OF THE COMPLAINT

Under the **well-pleaded complaint rule**, federal question jurisdiction exists only when a federal question appears on the face of the plaintiff's properly pleaded complaint.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here:

- Plaintiffs' causes of action arise under **Alabama law**
- Plaintiffs do **not** plead any federal cause of action
- Plaintiffs do **not** seek relief created by federal statute

The Complaint asserts claims sounding in:

- Fraud and misrepresentation
- Contract formation and rescission
- Mortgage origination misconduct
- Consumer and property rights under Alabama law

The **mere reference** to federal statutes as background, context, or evidentiary support **does not create federal jurisdiction**.

*Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

## III. DEFENDANTS CANNOT CREATE FEDERAL JURISDICTION BY RECHARACTERIZATION

Defendants attempt to reframe Plaintiffs' state-law claims as federal claims. This is impermissible.

A defendant **may not manufacture federal jurisdiction** by recharacterizing state law claims or by asserting that federal issues are "implicated."

*Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1297 (11th Cir. 2008).

Plaintiffs are the masters of their complaint. They chose to assert **state-law causes of action**, and Defendants' disagreement with that choice does not confer federal jurisdiction.

## IV. NO EXCLUSIVE FEDERAL JURISDICTION EXISTS

Defendants do not identify — and cannot identify — any federal statute cited in the Complaint that confers **exclusive federal jurisdiction**.

Where jurisdiction is concurrent, state courts are fully competent to adjudicate matters involving federal statutes when raised in connection with state law claims.

*Tafflin v. Levitt*, 493 U.S. 455, 458 (1990).

Thus, even if federal law is tangentially involved, **exclusive federal jurisdiction does not exist**, and removal remains improper.

## V. SUPPLEMENTAL JURISDICTION DOES NOT SAVE REMOVAL

Defendants cannot rely on 28 U.S.C. § 1367 to justify removal.

Supplemental jurisdiction **cannot supply original jurisdiction** and may only attach **after** a proper basis for federal jurisdiction exists.

*Palmer v. Hospital Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566 (11th Cir. 1994).

Because no federal claim exists, supplemental jurisdiction is unavailable.

## VI. REMAND IS MANDATORY, NOT DISCRETIONARY

When a federal court lacks subject-matter jurisdiction, **remand is mandatory** under 28 U.S.C. § 1447(c).

This Court is required to remand the action to the Circuit Court of Covington County, Alabama, where it was properly filed and where jurisdiction unquestionably exists.

## VII. CONCLUSION

Defendants have failed to meet their burden of establishing federal subject-matter jurisdiction. Plaintiffs' Motion to Remand is grounded in controlling Supreme Court and Eleventh Circuit precedent — not preference.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Reject Defendants' Opposition;
2. Grant Plaintiffs' Motion to Remand; and
3. Remand this action to the Circuit Court of Covington County, Alabama.

Dated at Andalusia, AL, on the 5th day of February 2026.

_____
Gregory Paul Violette
Plaintiff, Pro Se
19992 Airport Rd
Andalusia, AL 36421
207-399-7567

Barbara A Violette
Plaintiff, Pro Se



19992 Airport Rd
Andalusia, AL 36421



US District Court
B-110
One Church Street
Montgomery, AL 36104