IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION



Gregory Paul Violette: and
Barbara A Violette,
 Plaintiffs,

v.                                    CASE NO. 2:25-cv-01020-ECM-JTA

West Capital Lending, Inc.,
Robert Johnson VP of Operations,
His Bond John Doe One,
Linzey Ostrow VP of Corp. Strategy &
Personnel, Her Bond John Doe Two,
Giorgio Bertuol Pres. of Sales, His Bond
John Doe Three,
 Defendants.

# PLAINTIFFS' RENEWED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

*(With Proposed Amended Complaint Attached)*

## I. INTRODUCTION

Plaintiffs Gregory Paul Violette and Barbara A. Violette, appearing pro se, respectfully move this Court for leave to file their **First Amended Complaint** pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

This renewed motion is filed **out of an abundance of caution** to address Defendants' claim that Plaintiffs previously failed to "attach" the proposed amended pleading and to clarify that:

1

1. The proposed First Amended Complaint is **now expressly attached as Exhibit A**;
2. Amendment is timely, made in good faith, and not prejudicial; and
3. The proposed amendment is **not futile**, as it pleads viable federal and state claims with particularity.

## II. PROCEDURAL BACKGROUND

1. Plaintiffs originally filed this action in the Circuit Court of Covington County, Alabama.
2. Defendants removed the action to this Court.
3. Defendants filed a Motion to Dismiss under Rule 12(b)(6).
4. Plaintiffs timely sought leave to amend in response to the Motion to Dismiss to cure any alleged deficiencies.
5. Defendants now argue that amendment should be denied due to a technical attachment issue and alleged futility.

Neither argument has merit.

## III. LEGAL STANDARD

Rule 15(a)(2) provides that leave to amend **"shall be freely given when justice so requires."**

The Supreme Court has made clear that denial of leave to amend is appropriate **only** in cases of:

- Undue delay
- Bad faith
- Repeated failure to cure deficiencies
- Undue prejudice
- Futility

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

None of those factors apply here.

2

## IV. THE PROPOSED AMENDMENT IS PROPERLY BEFORE THE COURT

Plaintiffs have attached their **Proposed First Amended Complaint as Exhibit A** to this motion.

Courts routinely permit amendment where any procedural ambiguity can be cured without prejudice, particularly where — as here — litigation is in its earliest stages and no discovery has occurred.

Defendants suffer **no prejudice**, as they may respond or file a renewed motion directed at the amended pleading if they choose.

## V. THE PROPOSED AMENDMENT IS NOT FUTILE

An amendment is futile only if it would **certainly fail** to state a claim under Rule 12(b)(6). That is a **high bar**, and Defendants cannot meet it.

### A. Federal Claims Are Plausibly Pleaded

The proposed First Amended Complaint pleads detailed factual allegations supporting:

- **Truth in Lending Act (TILA)** violations (15 U.S.C. § 1601 et seq.), including inaccurate disclosures, finance charge irregularities, and APR misrepresentation;
- **RESPA violations** (12 U.S.C. § 2607), including kickbacks, unearned fees, and steering.

The amended pleading identifies:

- Who committed the misconduct
- What was misrepresented or concealed
- When and how Plaintiffs relied
- The damages suffered

This easily satisfies **Rule 8** and **Rule 9(b)** where applicable.

### B. State-Law Claims Are Independently Viable

The amended complaint also pleads Alabama claims for:

3

- Fraud and fraudulent suppression
- Negligent and wanton misrepresentation
- Unjust enrichment
- Civil conspiracy

These claims are supported by detailed factual allegations and are well within the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

### C. Futility Cannot Be Decided in the Abstract

Defendants' futility argument improperly asks the Court to decide the merits of disputed factual issues at the pleading stage. That is not the standard.

At this stage, Plaintiffs need only plead **plausible claims**, not prove them.

## VI. PRO SE STATUS AND INTEREST OF JUSTICE

Plaintiffs are proceeding pro se and are entitled to liberal construction of their filings.

No scheduling order has been entered.
No discovery has begun.
No trial date exists.

Allowing amendment promotes adjudication on the merits and serves the interests of justice.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Grant Plaintiffs leave to file the attached First Amended Complaint (Exhibit A);
2. Deem Defendants' pending Motion to Dismiss moot or deny it without prejudice; and
3. Grant such other and further relief as the Court deems just and proper.

Dated at Andalusia, AL, on the 5th day of February 2026.

Gregory Paul Violette
Plaintiff, Pro Se
19992 Airport Rd
Andalusia, AL 36421
207-399-7567

Barbara A Violette
Plaintiff, Pro Se



19992 Airport Rd
Andalusia, AL 36421



US District Court
B-110
One Church Street
Montgomery, AL 36104