IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **Gregory Paul Violette; and** | ) |
| **Barbara A. Violette;** | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )  CASE NO. 2:25-cv-01020 |
| | ) |
| **West Capital Lending, Inc.;** | ) |
| **Robert Johnson VP of Operations,** | ) |
| **His Bond John Doe One;** | ) |
| **Linzey Ostrow VP of Corp.** | ) |
| **Strategy & Personnel, Her Bond** | ) |
| **John Doe Two; Giorgio Bertuol** | ) |
| **Pres. of Sales, His Bond John Doe** | ) |
| **Three,** | ) |
|     Defendants. | ) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' RENEWED MOTION FOR LEAVE TO AMEND THE COMPLAINT

**COME NOW,** all Defendants, by and through their undersigned counsel, and oppose the Plaintiffs' Renewed Motion for Leave to Amend (Doc. 17) as directed by the Court's Order to Show Cause in this matter (Doc. 18). Defendants state as follows:

Plaintiffs' Renewed Motion for Leave to Amend contains a Proposed Amended Complaint which again fails to allege with the required specificity the conduct which Plaintiffs contend to be fraudulent. Leave should not be granted as the Proposed Amended Complaint does not cure the deficiencies in Plaintiffs' original Complaint, and amendment is therefore futile. If the Court does not deny

1

leave in whole, the Court should deny leave in part, as Plaintiffs have failed to allege a single act or statement by any of the individually-named defendants which, if proven, would entitle the Plaintiffs to relief.

## LEGAL STANDARD

The analysis of Plaintiffs' Motion for Leave to Amend requires the Court to evaluate whether the Proposed Amended Complaint could survive a Motion to Dismiss. Defendants contend that it could not, and, therefore, the Court "may properly deny leave to amend the complaint ... when such amendment would be futile." *Muhammad v. Lee Cnty. Comm'n of Lee Cnty., Alabama*, No. 3:22-CV-713-ECM-KFP, 2023 WL 3243405, at *4 (M.D. Ala. Apr. 14, 2023).

> While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* All litigants, pro se or not, must comply with the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

*Id.* at *4.

"Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

2

## ARGUMENT

Plaintiffs have been provided their "one chance to amend the complaint and bring it into compliance with the rule" but have again failed to plead with specificity any facts which would plausibly entitle them to relief from the individually-named defendants. *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 568–69 (11th Cir. 1994). Plaintiffs' Proposed Amended Complaint fails to provide any specific details as to the substance of the alleged misrepresentations, who made the misrepresentations, or when the misrepresentations were made. The Proposed Amended Complaint merely identifies general subject matter areas to which the unidentified misrepresentations relate. *See* Doc. 17-1 at page 4.

The individual Defendants' names do not appear in either the "factual allegations" or "causes of action" sections of Plaintiffs' Proposed Amended Complaint. *See* Doc. 17-1 at pages 2-4. Because Plaintiffs' Proposed Amended Complaint fails to allege any specific conduct on the part of the individually named Defendants, there is no set of facts which could possibly entitle the Plaintiffs to relief against the individually named Defendants.

This failure was addressed in Defendants' Motion to Dismiss (Doc. 2) and, if leave is granted, will be raised in a subsequent Motion to Dismiss. As set forth in Defendants' Motion to Dismiss, the elements of fraud are "[A] false representation

3

of a material fact made by one who knew that it was false ..., made to one who did not know that it was false, with intent to deceive such person and to influence his action, which did deceive such person and influence his action to his damage." *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1294–95 (11th Cir. 2025).

Because Plaintiffs allege fraud, fraudulent suppression, and misrepresentation, they must meet the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). "Federal Rule of Civil Procedure 9(b) requires that fraud be pleaded with specificity. The plaintiff's complaint must allege the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 568 (11th Cir. 1994).

The Eleventh Circuit has affirmed dismissal of an amended *pro se* complaint which failed to allege any individual conduct under the less-specific pleading standard of a claimed civil rights violation in *Roberts v. Houston County Supreme Court*:

> Although Roberts appears to allege additional facts on appeal about the USPS's conduct, the factual allegations still fail to specify which individuals allegedly violated her rights or when her rights were allegedly violated and thereby fail to raise a right to relief above the speculative level, to state a claim to relief that is plausible on its face, or to give rise to a reasonable inference that USPS was liable for the alleged misconduct. *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974; *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Thus, the District Court did not

4

>err in dismissing without prejudice Roberts' amended complaint for failure to state a claim.

*Roberts v. Houston Cnty. Superior Ct.*, No. 20-14857, 2021 WL 6099478, at *4 (11th Cir. Dec. 23, 2021).

Plaintiffs' original Complaint failed to make any specific allegations against the individually-named defendants and Plaintiffs' Proposed Amended Complaint likewise fails to do so. Defendant submits that Plaintiffs have twice failed to make these specific allegations because the individually-named Defendants have no connection to the Plaintiffs' loan and were apparently identified by Plaintiffs on the website of West Capital Lending.

Defendants respectfully submit that Plaintiffs' Motion for Leave to Amend should either be denied outright for failing to plead with the required specificity facts which would plausibly entitle Plaintiffs to relief, or, at a minimum, denied as to the individually-named defendants against whom no specific action or statement has been alleged.

Respectfully submitted,

*/s/ Jerome C. Chapman IV*
Jerome C. Chapman IV (ASB-2364-O42H)
*Attorney for Defendants*

**OF COUNSEL:**

John E. Rollins
Jerome C. Chapman IV
HAND ARENDALL HARRISON SALE, LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone: 205-324-4400
jrollins@handfirm.com

Douglas L. McCoy
HAND ARENDALL HARRISON SALE, LLC
104 St. Francis St. Ste. 300
Mobile, Alabama 36602
Telephone: 251-432-5511
dmccoy@handfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that I have on this day, February 24, 2026 served a copy of the foregoing pleading on the following listed counsel of record either electronically through this Court's CM/ECF System or by mailing the same by United States Mail, properly addressed and first-class postage prepaid.

Gregory Paul Violette
19992 Airport Road
Andalusia, AL 35421

Barbara A. Violette
19992 Airport Road
Andalusia, AL 35421

                                            */s/ Jerome C. Chapman IV*
                                            OF COUNSEL