**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA** RECEIVED
**NORTHERN DIVISION**

2026 MAR 16 A 11: 27

Gregory Paul Violette and
Barbara A. Violette,
Plaintiffs,

v.                                      CASE NO. 2:25-cv-01020-ECM-JTA

West Capital Lending, Inc., et al.,
Defendants.

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' OBJECTION TO THE FIRST AMENDED COMPLAINT

Plaintiffs Gregory Paul Violette and Barbara A. Violette respectfully submit this Response in Opposition to Defendants' objection to Plaintiffs' First Amended Complaint.

## I. INTRODUCTION

Defendants argue that Plaintiffs' First Amended Complaint fails to plead fraud with particularity under Federal Rule of Civil Procedure 9(b). That assertion is incorrect.

The Amended Complaint identifies:

- the **fraudulent conduct**
- the **loan transaction in which it occurred**
- the **loan documents involved**

1

- the **roles of each Defendant in the origination process**
- the **resulting damages**

At the pleading stage, Rule 9(b) does not require Plaintiffs to possess the internal underwriting of communications, compensation agreements, or corporate policies of Defendants. Those materials are uniquely within Defendants' control and will be obtained through discovery.

Federal courts consistently hold that Rule 9(b) is satisfied where the complaint describes the fraudulent scheme, identifies the transaction at issue, and explains how the plaintiff was misled.

Plaintiffs' Amended Complaint meets that standard.

## II. LEGAL STANDARD

Rule 9(b) requires a party alleging fraud to state the circumstances constituting fraud with particularity.

However, courts recognize that Rule 9(b) must be read **in conjunction with Rule 8**, which requires only a short and plain statement showing entitlement to relief.

The Eleventh Circuit has repeatedly held that Rule 9(b) is satisfied when the complaint sets forth:

1. The **precise statements or omissions made**
2. The **time and place of the statements**
3. The **person responsible for the statement**
4. The **content of the misrepresentation**
5. **What the defendant gained from the fraud**

Plaintiffs' Amended Complaint satisfies these requirements.

2

## III. PLAINTIFFS HAVE PLED FRAUD WITH SUFFICIENT PARTICULARITY

The Amended Complaint identifies the specific mortgage transaction at issue and describes the fraudulent conduct surrounding that transaction.

### A. The Complaint Identifies the Fraudulent Scheme

Plaintiffs allege that Defendants engaged in a coordinated scheme involving:

- bait-and-switch loan terms
- undisclosed fees
- manipulated appraisal values
- falsified loan application information
- undisclosed broker compensation and steering
- document substitution at closing

These allegations are described in detail in Section III of the Amended Complaint.

### B. The Complaint Identifies the Time, Transaction, and Documents

The Amended Complaint identifies:

- the **mortgage loan transaction in 2025**
- the **Loan Estimate and Closing Disclosure documents**
- the **loan application and underwriting documentation**
- the **appraisal obtained through Defendants' recommendation**
- the **closing documents presented to Plaintiffs**

These documents and events form the factual basis of the fraud claims.

## C. The Complaint Identifies the Defendants' Roles

Contrary to Defendants' assertion, Plaintiffs specifically identify the roles of the individual defendants.

The Amended Complaint alleges that:

• **Robert Johnson**, as Vice President of Operations, exercised authority over underwriting and disclosure compliance.

• **Linzey Ostrow**, as Vice President of Corporate Strategy & Personnel, oversaw corporate policies governing loan origination and broker compensation.

• **Giorgio Bertuol**, as President of Sales, supervised the loan origination process and borrower communications.

These positions placed each Defendant in a direct role in the origination and approval of the loan transaction at issue.

At the pleading stage, Plaintiffs are not required to identify the precise internal email or conversation in which each defendant participated, particularly where those communications remain exclusively within Defendants' possession.

## V. INFORMATION NECESSARY FOR FURTHER PARTICULARITY IS IN DEFENDANTS' CONTROL

Courts routinely relax Rule 9(b) where the details of the fraud are uniquely within the defendant's knowledge.

In this case:

• underwriting decisions
• broker compensation structures

4

- appraisal ordering practices
- internal communications
- document preparation processes

are all within the control of Defendants.

These materials will be obtained through discovery.

Dismissal at this stage would improperly shield Defendants from producing the very documents that would further demonstrate the fraudulent conduct.

## V. LEAVE TO AMEND SHOULD BE FREELY GRANTED

Even if the Court determines that additional detail is necessary, dismissal or denial of amendment would be inappropriate.

Federal Rule of Civil Procedure 15 provides that leave to amend should be **freely granted when justice so requires**.

The Eleventh Circuit has consistently held that amendment should be allowed unless:

- there is undue delay
- bad faith
- repeated failure to cure deficiencies
- or undue prejudice.

None of those circumstances exist here.

If the Court finds additional specificity appropriate, Plaintiffs respectfully request leave to file a **Second Amended Complaint** incorporating any guidance the Court provides.

## VI. CONCLUSION

Plaintiffs' First Amended Complaint provides sufficient detail to satisfy Rule 9(b) and clearly places Defendants on notice of the claims asserted against them.

The Amended Complaint identifies the fraudulent loan transaction, the misrepresentations made, the roles of the defendants, and the damages suffered.

For these reasons, Plaintiffs respectfully request that the Court:

1. **Overrule Defendants' objection to the Amended Complaint;**
2. Allow Plaintiffs' First Amended Complaint to proceed; and
3. Grant such further relief as the Court deems appropriate.

Respectfully submitted,

Dated this 13th day of March 2026, at Andalusia, AL

Gregory Paul Violette, Pro Se
19992 Airport Rd
Andalusia, AL 36421
Phone: 207-399-7567

Barbara A. Violette, Pro Se

6

## CERTIFICATE OF SERVICE

I certify that on this 13th day of March 2026, a copy of the foregoing **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' OBJECTION TO THE FIRST AMENDED COMPLAINT**. Were filed with the court and served on all counsel of record via U.S. Mail, properly addressed and first-class postage prepaid.

US District Court
B-110
One Church Street
Montgomery, AL 36104

HAND RENDALL HARRISON SALE LLC
1801 5th Ave North
Suite 400
Birmingham, AL 35203

Gregory Paul Violette



Dr. Gregory & Barbara A. Violette
19992 Airport Rd
Andalusia, AL 36421



MONTGOMERY AL 360

14 MAR 2026 PM 2  L

US District Court

B-110

One Church Street

Montgomery, AL 36104

36104-401601