IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GREGORY PAUL VIOLETTE and )
BARBARA A. VIOLETTE,

                   )

     Plaintiffs, )

                   )

v. )     CASE NO. 2:25-cv-1020-ECM-JTA

                   )     (WO)

WEST CAPITAL LENDING, INC., et )
al., )

                   )

     Defendants. )

## <u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Before the court is *pro se* Plaintiffs Gregory Paul Violette and Barbara A. Violette's

Motion to Remand to the Covington County Alabama Circuit Court (Doc. No. 7) and

Renewed Motion for Leave to File First Amended Complaint (Doc. No. 17).[1]

For the following reasons, the undersigned recommends the motion to remand be

denied and the motion for leave to file an amended complaint be granted.

## I.     PROCEDURAL HISTORY AND ALLEGATIONS

On November 14, 2025, Plaintiffs filed a complaint in the Circuit Court of

Covington County, Alabama against Defendants West Capital Lending, Inc., Robert

Johnson, Linzey Ostrow, and Giorgio Bertuol. (Doc. No. 1-2.) Plaintiffs allege Defendants

"willingly committed fraud" during the mortgage loan process. (Doc. No. 1-2 at 4.)

Plaintiffs seek monetary damages in the amount of $410,000. (*Id.*)

---

[1] Pursuant to 28 U.S.C. § 636, this case was referred to the undersigned for all pretrial proceedings
and entry of any orders or recommendations as may be appropriate. (Doc. No. 4.)

On December 23, 2025, Defendant West Capital Lending, Inc., removed the case to federal court based on diversity jurisdiction. (Doc. No. 1.) On January 7, 2026, Plaintiffs timely filed a motion to remand. (Doc. No. 7.) Defendants filed a response to the motion to remand, and Plaintiffs filed a reply. (Docs. No. 14, 16.)

On February 7, 2026, Plaintiffs filed a motion for leave to file their first amended complaint. (Doc. No. 17.) Defendants filed a response in opposition, and Plaintiffs filed a reply. (Docs. No. 20, 37.)

On April 6, 2026, the court held a hearing on the pending motions. (Doc. No. 38.) This matter is ripe for review.

## II.    STANDARD OF REVIEW

A. Motion to Remand

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Exec. Comm. of Fla.*, 719 F.2d 1072, 1076 (11th Cir. 1983). Federal courts only have the power to hear cases they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). Thus, a lawsuit filed in state court may be removed to federal court based on either diversity jurisdiction[2]

---

[2] Diversity jurisdiction exists in civil actions filed between the citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hops. Auth. Of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

or federal question jurisdiction.[3] *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party has the burden of establishing the court has subject matter jurisdiction over an action. *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996).

B. Motion to Amend

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts should not deny a motion to amend "[u]nless a substantial reason exists to deny leave to amend." *Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (quoting *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989)). Substantial reasons to deny a motion to amend include "undue delay, undue prejudice to the defendants, and futility of the amendment." *Id.* (citations omitted).

## III.   DISCUSSION

A. Motion to Remand

Plaintiffs argue this case should be remanded to state court because their claims are predominantly state law claims, Plaintiffs' choice of forum is entitled to substantial deference, and removal creates unnecessary prejudice because they are proceeding *pro se*. (Doc. No. 7 at 4–5.) These arguments pose no basis to remand this action to state court.

Although Plaintiffs' original complaint brings only state law claims, Defendant West Capital has carried its burden of establishing diversity jurisdiction. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004)

---

[3] Federal question jurisdiction exists if the suit arises under "the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

("A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties."). While Plaintiffs' complaint is silent concerning the citizenship of the parties, Defendant West Capital adequately invoked this Court's diversity jurisdiction in its notice of removal. Defendant West Capital plausibly asserts it, Defendant Johnson, and Defendant Ostrow are citizens of California, and Defendant Bertuol is a citizen of Tennessee.[4] (Doc. No. 1 at 4–5.) Defendant West Capital also asserts Plaintiffs are citizens of Alabama. (*Id*. at 4.) Defendants further note Plaintiffs state in their complaint that they seek $410,000 in damages, which exceeds the jurisdictional amount. (*Id*. at 5.) In their motion to remand, Plaintiffs do not dispute the diversity of citizenship of the parties nor the amount in controversy. Accordingly, "[b]ecause diversity of citizenship is undisputed and the amount in controversy is over $75,000, the [undersigned] concludes [the court] has diversity jurisdiction over this action." *Hawes v. Bailey*, No. 2:17-CV-01811-SGC, 2018 WL 2445688, at *3 (N.D. Ala. May 31, 2018). Plaintiffs' motion to remand is due to be denied.

B. Motion to Amend

Plaintiffs' proposed amended complaint adds further factual detail and a cause of action section.[5] (*Contrast* Doc. No. 1-2 *with* Doc. No. 17-1.) Defendants argue the court

---

[4] Defendant West Capital submitted affidavits in support of its citizenship assertions. (Doc. No. 1-1 at 4-9.)

[5] Plaintiffs' proposed amended complaint adds claims for fraudulent suppression; negligent and wanton misrepresentation; violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq*.; violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq*.; unjust enrichment; and civil conspiracy. (Doc. No. 17-1 at 5–6.)

4

should not grant Plaintiffs leave to amend because the proposed amended complaint does not "plead with specificity any facts which would plausibly entitle them to relief from the individually-named defendants." (Doc. No. 20 at 3.) Plaintiffs reply that leave to amend should freely be granted. (Doc. No. 37 at 5.) The undersigned agrees with Plaintiffs.

Plaintiffs are proceeding *pro se* and have yet to file an amended complaint. Generally, *pro se* litigants must be given one opportunity to amend their complaint. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) (noting that "a *pro se* litigant generally must be given at least one opportunity to amend his complaint" unless amendment would be futile). Further, "[a] district court's discretion to deny leave to amend a complaint is severely restricted by Fed. R. Civ. P. 15, which stresses that courts should freely give leave to amend when justice so requires." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quotations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." (citation omitted)). Because Plaintiffs are proceeding *pro se*, they have yet to amend their complaint, and leave to amend should be freely granted, the undersigned recommends Plaintiffs be allowed to amend their complaint.

Defendants argue amendment is futile as it pertains to the individually-named Defendants and Plaintiffs' claim for fraud. (Doc. No. 20 at 3–5.) But, Plaintiffs' proposed amended complaint adds additional claims that Defendants' opposition does not address. Thus, denying leave to amend as it pertains to certain Defendants or claims would operate as a quasi-ruling on the merits of the fraud claim and result in piecemeal litigation.

5

Allowing amendment as a whole would promote judicial efficiency by preventing such a piecemeal approach to litigation. *See Sullivan v. City of Dadeville*, No. 3:22-cv-653-ECM-JTA, 2023 WL 11812593, at *2 (M.D. Ala. Aug. 1, 2023) (granting a motion to amend because "allowing the [] proposed amendment would achieve the ends of justice and promote judicial efficiency by enabling adjudication of the case as a whole rather than opening up the potential for piecemeal litigation with separate concurrent or subsequent actions"). Accordingly, Plaintiffs' motion to amend is due to be granted.

## IV.    CONCLUSION

For the reasons stated above, the undersigned RECOMMENDS as follows:

1. Plaintiffs' motion to remand (Doc. No. 7) be DENIED.

2. Plaintiffs' motion to amend (Doc. No. 17) be GRANTED.

3. This matter be referred back to the undersigned for further determination and recommendation as may be appropriate.

4. Within seven days after the District Judge's resolution of this recommendation, the Clerk of Court shall file Plaintiffs' proposed amended complaint (Doc. No. 17-1) as Plaintiffs' First Amended Complaint.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **April 29, 2026**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

The Clerk of the Court is DIRECTED to provide a copy of this Recommendation to Plaintiffs by regular mail and by certified mail, return receipt requested.

DONE this 15th day of April, 2026.

_____

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE