# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

**Gregory Paul Violette and**
**Barbara A. Violette,**
Plaintiffs,

v.

**CASE NO. 2:25-cv-01020-ECM-JTA**

**West Capital Lending, Inc.;**
**Robert Johnson, VP of Operations;**
**Linzey Ostrow, VP of Corporate Strategy & Personnel;**
**Giorgio Bertuol, President of Sales;**
**and John Doe Bond Defendants One–Three,**
Defendants.

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Gregory Paul Violette and Barbara A. Violette ("Plaintiffs"), appearing **pro se**, allege as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367, as Plaintiffs assert federal claims arising under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and related state-law claims.
2. Venue is proper in this District because the subject property is located in Alabama and the acts complained of occurred in this District.

1

## II. PARTIES

3. Plaintiffs are residents of Covington County, Alabama.
4. Defendant **West Capital Lending, Inc.** is a mortgage lender and/or broker doing business in Alabama.
5. Defendant **Robert Johnson** acted as Vice President of Operations and exercised control over underwriting, disclosures, and loan processing.
6. Defendant **Linzey Ostrow** acted as Vice President of Corporate Strategy & Personnel and participated in policies governing loan origination and compensation.
7. Defendant **Giorgio Bertuol** acted as President of Sales and supervised loan origination, broker conduct, and borrower communications.
8. **John Doe Bond Defendants One–Three** are sureties or bonding entities legally responsible for the acts of the individual defendants.

## III. FACTUAL ALLEGATIONS (RULE 9(b))

9. In or about 2025, Defendants solicited Plaintiffs to obtain a residential mortgage loan.
10. Defendants represented that the loan would be affordable, fairly priced, and consistent with the terms initially disclosed.
11. Plaintiffs relied on Defendants' representations, disclosures, and professional expertise in proceeding with the transaction.
12. Defendants controlled or influenced the loan estimate, underwriting, appraisal, closing documentation, and broker compensation.

### Hidden and Phantom Fees

13. At closing, Plaintiffs were charged fees that materially differed from the Loan Estimate.
14. Fees appeared on the Closing Disclosure that Plaintiffs never agreed to and were not properly disclosed in advance, in violation of TILA and RESPA.

### Bait-and-Switch Loan Terms

15. Defendants promised certain loan terms verbally and/or in preliminary disclosures.

2

16. At closing, Plaintiffs were presented with materially worse terms and pressured to sign without adequate time to review.

## Inflated and Manipulated Appraisal

17. The appraisal was obtained through Defendants' recommended appraiser.
18. Comparable sales were omitted or altered, inflating the property value to qualify Plaintiffs for a larger loan.

## Falsified Loan Application Information

19. Loan application documents contained income, asset, or employment information Plaintiffs did not provide.
20. Plaintiffs did not authorize falsification of underwriting information.

## Undisclosed Kickbacks and Steering

21. Plaintiffs were steered into higher-cost loan products without explanation.
22. Broker compensation, yield spread premiums, and referral payments were not properly disclosed.

## Document Substitution and Forgery

23. Documents presented at closing differed from those previously reviewed.
24. Plaintiffs discovered unfamiliar signatures and questionable notarizations on loan documents.

## Escrow and Servicing Irregularities

25. Escrow funds were mishandled, with unexplained shortages and misapplied payments.

## Misrepresentation of Government Programs

26. Defendants represented or implied that the loan involved government-backed or special programs when it did not.

## Damages

27. As a direct result of Defendants' conduct, Plaintiffs incurred excessive fees, higher interest costs, damage to credit, and remain locked in an unfair mortgage requiring costly refinancing.

# IV. CAUSES OF ACTION

## COUNT I – Fraud (Alabama Code § 6-5-101)

28. Defendants knowingly made false representations of material fact regarding loan terms, costs, and disclosures.
29. Plaintiffs reasonably relied on those representations.
30. Plaintiffs suffered damages as a result.

## COUNT II – Fraudulent Suppression (§ 6-5-102)

31. Defendants suppressed material facts they had a duty to disclose, including broker compensation, true loan costs, and appraisal manipulation.

## COUNT III – Negligent and Wanton Misrepresentation

32. Defendants negligently or wantonly misrepresented loan terms and underwriting facts.

## COUNT IV – Violations of TILA (15 U.S.C. § 1601 et seq.)

33. Defendants failed to provide accurate and timely disclosures regarding finance charges, APR, and material loan terms.

## COUNT V – Violations of RESPA (12 U.S.C. § 2607)

34. Defendants engaged in kickbacks, unearned fees, and improper referral arrangements.

4

## COUNT VI – Unjust Enrichment

35. Defendants retained fees and compensation obtained through unlawful conduct.

## COUNT VII – Civil Conspiracy

36. Defendants acted in concert to originate and close the loan through deceptive practices.

# V. RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Award **compensatory damages** in an amount to be proven at trial, estimated to exceed **$410,000**;

B. Award **statutory damages** under TILA and RESPA;

C. Award **punitive damages** for intentional fraud;

D. Grant **injunctive and declaratory relief** prohibiting Defendants from continuing unlawful practices;

E. Award costs and such other relief as the Court deems just and proper.

Respectfully submitted this 5th day of February 2026.

**Gregory Paul Violette, Pro Se**
19992 Airport Rd
Andalusia, AL 36421
Phone: 207-399-7567

**Barbara A. Violette, Pro Se**

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of February 2026, a copy of the foregoing Motions

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND** and **PLAINTIFFS' FIRST AMENDED COMPLAINT "Exhibit A"** and **PLAINTIFFS' RENEWED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** served on all counsel of record via U.S. Mail, properly addressed and first-class postage prepaid.

HAND RENDALL HARRISON SALE LLC
1801 5th Ave North
Suite 400
Birmingham, AL 35203

Gregory Paul Violette