**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **Gregory Paul Violette; and** | ) | |
| **Barbara A. Violette;** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.** |
| | ) | **2:25-cv-01020-ECM-JTA** |
| **West Capital Lending, Inc.;** | ) | |
| **Robert Johnson VP of Operations,** | ) | |
| **His Bond John Doe One;** | ) | |
| **Linzey Ostrow VP of Corp.** | ) | |
| **Strategy & Personnel, Her Bond** | ) | |
| **John Doe Two; Giorgio Bertuol** | ) | |
| **Pres. of Sales, His Bond John Doe** | ) | |
| **Three,** | ) | |
| **Defendants.** | ) | |

### DEFENDANTS' MOTION TO DISMISS
### PLAINTIFFS' AMENDED COMPLAINT

**COME NOW** Defendants West Capital Lending, Inc. ("West Capital"),

Robert Johnson ("Johnson"), Linzey Ostrow ("Ostrow"); and Giorgio Bertuol

("Bertuol") (collectively, "Defendants") and hereby file their Motion to Dismiss

Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 8 and

12(b)(6). In support thereof, Defendants state as follows:

### INTRODUCTION

Plaintiffs Gregory Paul Violette ("Mr. Violette") and Barbara A. Violette

("Ms. Violette") (collectively, "Plaintiffs") have filed a defective Amended

Complaint asserting a variety of claims pertaining to a loan secured by their

residence. Plaintiffs' thirty-six (36) paragraph Amended Complaint purports to assert claims for: Fraud (Alabama Code § 6-5-101) (Count I); Fraudulent Suppression (§ 6-5-102) (Count II); Negligent and Wanton Misrepresentation (Count III); Violations of TILA (15 U.S.C. § 1601 et seq.) (Count IV); Violations of RESPA (12 U.S.C. § 2607) (Count V); Unjust Enrichment (Count VI); and Civil Conspiracy (Count VII). These claims are asserted against "Defendants" without delineating which claims are asserted against which Defendant(s). Additionally, the claims are scantily asserted in one to three sentences that wholly fail to state any underlying factual allegations. As such, Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted and is due to be dismissed.

## BACKGROUND[1]

Plaintiffs allege Defendants approached them in 2025 to obtain a residential mortgage loan. Doc. 42, ¶ 9. Plaintiffs claim "Defendants represented that the loan would be affordable, fairly priced, and consistent with the terms initially disclosed." *Id.*, ¶ 10. Plaintiffs assert that the terms presented at closing were materially different from those presented in the Loan Estimate. *See id.*, ¶¶ 13, 16, 23. Ms. Violette, however, proceeded to sign the residential closing disclosures and move forward

---

[1] Although Defendants dispute Plaintiff's factual and legal allegations, Plaintiff's allegations are taken as correct without waiver or admission and for purposes of this motion only. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

2

with the mortgage loan. *See* Closing Disclosures, attached hereto as **Exhibit A**.[2] Plaintiffs now seek to avoid the mortgage loan they signed.

## **STANDARD OF REVIEW**

Under Fed. R. Civ. P. 12(b)(6), the Court must dismiss Plaintiffs' claims if, accepting the allegations as true, they fail to state facts that support a claim for relief. In reviewing a complaint, the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). These standards apply even if a plaintiff is proceeding *pro se*. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

---

[2] "Extrinsic material that is referred to in the operative complaint and attached to a motion to dismiss may be considered by the court at the pleading stage if the attached material [is] '(1) central to the plaintiff's claim' and (2) 'the authenticity of the document is not challenged.'" *Jackson v. City of Atlanta, Ga.*, 97 F.4th 1343, 1350 (11th Cir. 2024) (quoting *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

## <u>ARGUMENT</u>

**I.   Plaintiffs' Amended Complaint is Due to be Dismissed as an Impermissible Shotgun Complaint.**

Plaintiffs' Amended Complaint should be dismissed because it is an improper shotgun pleading. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Frantz v. Walled*, 513 Fed. App'x 815, 821 (11th Cir. 2013) (dismissing complaint as a shotgun pleading because there was "no logical connection between the conclusory statements of legal violations and the factual allegations" and because of the complaint's "failure to link factual allegations to specific counts").

Time and time again, the Eleventh Circuit has condemned shotgun pleadings. *See Weiland*, 792 F.3d at 1321 (canvassing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings" and observing "there is no ceasefire in sight"); *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 n.2 (11th Cir. 2014) (citing twenty-one published opinions condemning shotgun pleadings); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002) ("This court has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great

dismay."). Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997).

District courts have the authority to dismiss complaints on shotgun pleading grounds as part of their inherent authority to control their dockets and ensure the prompt resolution of lawsuits. *See Rice v. Seterus, Inc.*, No. 7:17-cv-00732-RDP, 2018 WL 4052180, at *2 (N.D. Ala. Aug. 24, 2018). When faced with a shotgun pleading, a district court "should strike the [pleading] and instruct counsel to replead the case--if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)," even when the opposing party does not move to strike. *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) (citation and internal quotations omitted); *see also Rice*, 2018 WL 4052180, at *2 ("But, a court must grant a plaintiff at least one chance to remedy such shotgun pleading deficiencies *sua sponte* before dismissing an action on shotgun pleading grounds."). If the plaintiff files an amended complaint with the same deficiencies, "the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Jackson*, 898 F.3d at 1358 (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (abrogated on other grounds by *Bridge v. Phoenix Bond & Indem. Co.*, 554 U.S. 638 (2008))).

Here, Plaintiffs' Amended Complaint is a textbook shotgun complaint. Plaintiffs do not allege any specific facts, or assert any specific causes of action, against any specific defendant - choosing, instead, to lump all allegations and all claims against the plural and ambiguous "Defendants." *See generally* Doc. 42. Accordingly, it is impossible for Defendants to know which (if any) allegations and causes of action are being asserted against which Defendant(s). This uncertainty is the exact reason courts have dismissed shotgun pleadings. The Court should likewise dismiss Plaintiffs' Amended Complaint or, at the very least, require Plaintiffs to file a Second Amended Complaint and "plead specific and particularized factual allegations relevant to each specific Defendant, set forth each claim separately, and specify which Defendant(s) [a]re being sued in each count." *Rice*, 2018 WL 4052180, at *1.

## II. The Amended Complaint Fails to Satisfy the Minimum Pleading Requirements.

Moreover, Plaintiffs' Amended Complaint fails to satisfy the bare minimum pleading requirements. In *Iqbal* and *Twombly*, the United States Supreme Court explained that merely reciting the elements of a claim is not sufficient. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Nor will a complaint that consists of naked assertions devoid of factual enhancement suffice. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. A complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *See Iqbal*, 556 U.S. at

678; *Twombly*, 550 U.S. at 570. These pleading requirements apply regardless of whether the plaintiff is *pro se*. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Consequently, where a *pro se* complaint provides insufficient facts to support the legal conclusions asserted throughout, dismissal of the complaint is appropriate.

The claims asserted in Plaintiffs' Amended Complaint fail to satisfy these requirements. Specifically, the seven claims in Plaintiffs' Amended Complaint consist of one to three sentences that, at best, reiterate the elements of the claim, but often fail to even do that. *See* Doc. 42, ¶¶ 28-36. For example, Plaintiff's negligence and wanton misrepresentation claim consists of a single paragraph stating "Defendants negligently or wantonly misrepresented loan terms and underwriting facts." *Id.*, ¶ 32. This allegation amounts to nothing more than a legal conclusion that need not be taken as true. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Moreover, even if taken as true, the single sentence fails to allege all elements of a negligence or wantonness claim. *See, e.g.*, *Borden v. CSX Transp., Inc.*, 843 F. Supp. 1410, 1416 (M.D. Ala. 1993) ("Under Alabama law, '[t]he basic elements of any negligence action are: 1) an obligation owed by the defendant to the plaintiff, 2) a breach of the standard of care applicable to that obligation, 3) causation, and 4) damage.'" (citation omitted). Plaintiffs' negligence and wanton misrepresentation claim (Count III) should therefore be dismissed.

Similarly, Plaintiffs' unjust enrichment claim consists of a conclusory legal assertion that need not be taken as true and is devoid of any factual allegations to support the elements of an unjust enrichment claim. "'To prevail on a claim of unjust enrichment under Alabama law, a plaintiff must show that: (1) the defendant knowingly accepted and retained a benefit; (2) provided by another; and (3) who has a reasonable expectation of compensation.'" *Trimark Foodcraft, LLC v. Selma Dev., LLC*, No. CV 18-00259-JB-N, 2018 WL 5074686, at *4 (S.D. Ala. Aug. 31, 2018), *report and recommendation adopted*, No. CV 1:18-00259-JB-N, 2018 WL 5046683 (S.D. Ala. Oct. 17, 2018) (quoting *Portofino Seaport Village, LLC. v. Welch*, 4 So. 3d 1095 (Ala. 2008)). Here, Plaintiffs only make the conclusory assertion that "Defendants retained fees and compensation obtained through unlawful conduct." Doc. 42, ¶ 35. Plaintiffs thus fail to state a claim for unjust enrichment, and their unjust enrichment claim should be dismissed.

Additionally, Plaintiffs' civil conspiracy claim fails to satisfy the minimum pleading requirements outlined in *Iqbal* and *Twombly*. "Under Alabama law, the elements of a civil conspiracy claim are '(1) concerted action by two or more persons (2) to achieve an unlawful purpose or a lawful purpose by unlawful means.'" *AAL USA, Inc. v. Black Hall Aerospace, Inc.*, No. 2:16-CV-02090-KOB, 2:16-cv-02090-KOB, 2018 WL 3036370, at *4 (N.D. Ala. June 19, 2018) (quoting *Ex parte Maint. Grp., Inc.*, —— So. 3d ——, 2017 WL 5623326, at *8 (Ala. Nov. 22, 2017)). Here,

Plaintiffs merely make the summary allegation that "Defendants acted in concert to originate and close the loan through deceptive practices." Doc. 42, ¶ 36. Because Plaintiffs fail to plead the elements of a civil conspiracy claim or assert any supporting factual allegations, their civil conspiracy claim also does not meet the minimum pleading requirements and is due to be dismissed.

The Amended Complaint is replete with similar legal conclusions and conclusory allegations that are devoid of any supporting factual support. Such bald assertions fail to satisfy the minimum pleading requirements set forth in the Federal Rules of Civil Procedure, *Iqbal*, and *Twombly*. Accordingly, the Amended Complaint fails to sufficiently allege any of Plaintiffs' claims and is due to be dismissed.

### III. Plaintiffs' Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted.

Even assuming Plaintiffs' Amended Complaint could be construed to satisfy the bare minimum pleading requirements (which it cannot), Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

#### A. Plaintiffs' claims for fraud (Count I) and fraudulent suppression (Count II) are due to be dismissed because Plaintiffs' fail to satisfy the heightened pleading requirements for claims based in fraud.

Federal Rule of Civil Procedure 9(b) sets forth a heightened pleading standard for fraud claims which Plaintiffs' Amended Complaint fails to satisfy. Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the

9

circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "This heightened pleading rule 'serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior.'" *Wallace v. SunTrust Mortgage, Inc.*, 974 F. Supp. 2d 1358, 1366 (S.D. Ala. 2013) (citation omitted). To satisfy the standard, a complaint must state:

> "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making . . . same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Id.* at 1366-67 (quoting *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002)). "In other words, 'to avoid dismissal, a complaint alleging fraud must plead the 'who, what, when, where and how' of the alleged fraud.'" *Id.* at 1367 (citation omitted). "The particularity requirement must be met as to each defendant." *McCleary v. DLJ Mortg. Capital, Inc.*, No. 15-0098-WS-C, 2015 WL 4524073, at *3 (S.D. Ala. July 27, 2015).

The elements of fraud, as articulated by the Eleventh Circuit, are "'[A] false representation of a material fact made by one who knew that it was false . . . , made to one who did not know that it was false, with intent to deceive such person and to influence his action, which did deceive such person and influence his action to his damage.'" *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1294–95 (11th Cir. 2025)

(quoting *United States v. Feldman*, 931 F.3d 1245, 1266 (11th Cir. 2019) (W. Pryor, C.J., concurring) (quotation omitted)).

Plaintiffs' Amended Complaint alleges that "Defendants knowingly made false representations of material fact regarding loan terms, costs, and disclosures." Doc. 42, ¶ 28. Plaintiff also alleges "Defendants suppressed material facts they had a duty to disclose, including broker compensation, true loan costs, and appraisal manipulation." *Id.*, ¶ 31. Plaintiffs, however, never identify with particularity the purportedly fraudulent statements that were made, by whom the statements were made, or when the alleged statements were made. *See generally id.* Similarly, Plaintiffs fail to identify with specificity the information they claim was fraudulently suppressed, the person(s) they allege fraudulently suppressed the information, or when the purported fraudulent suppression occurred. *See generally id.* Plaintiffs' fraud and fraudulent suppression claims thus fail as a matter of law. *See Wallace*, 974 F. Supp. 2d at 1366-67; *see also McCleary*, 2015 WL 4524073, at *3.

Plaintiffs base their fraud claims on their allegation that the fees on their Closing Disclosure were materially different from the fees on their Loan Estimate. Notably, the Initial Disclosures issued to Ms. Violette expressly state "Before closing, your interest rate, points, and lender credits can change unless you lock the interest rate. All other estimated closing costs expire on 6/14/2025 at 11:59 PM PDT." *See* Loan Estimate, attached hereto as **Exhibit B**. Plaintiffs were thus

11

expressly warned that the fees in their Loan Estimate could change after June 14, 2025 and could not reasonably rely on the Loan Estimate numbers after that date. The Closing Disclosures indicate they were issued on June 23, 2025 and the closing was scheduled for June 23, 2025, after the Loan Estimate expired. *See* Closing Disclosures, Ex. A. As Plaintiffs closed ten days after the expiration of the Loan Estimate, even assuming the terms of the Closing Disclosures differed from the expired Loan Estimate, Plaintiffs cannot establish that the purported changes were the result of fraud or fraudulent suppression. Plaintiffs' claims for fraud and fraudulent suppression are thus due to be dismissed.

Moreover, contrary to Plaintiffs' allegation that true loan costs were fraudulently suppressed, the loan costs were expressly set forth in the Closing Disclosures, which were signed by Ms. Violette. *See* Closing Disclosures, Ex. A, at p. 2 of 5, Addendum. Thus, even taking Plaintiffs' allegations as true that the loan terms changed between the Loan Estimate and the Closing Disclosures, Plaintiffs cannot viably claim that they entered the loan unaware of the costs of the loan.

Finally, Plaintiffs were under no obligation to move forward with the loan if they disputed or disagreed with any of the terms presented in the Closing Disclosures. Indeed, immediately above Ms. Violette's signature on the Addendum to Closing Disclosure, it states "By signing, you are only confirming that you have

received this form. You do not have to accept this loan because you have signed or received this form." *Id.*, at Addendum.

As the Amended Complaint fails to allege any facts that sufficiently plead a fraud or fraudulent suppression claim, those claims are due to be dismissed.

**B. Plaintiffs' Amended Complaint fails to state a claim for violation of the TILA (Count IV).**

Plaintiffs allege Defendants violated the Truth in Lending Act ("TILA") by failing "to provide accurate and timely disclosures regarding finance charges, APR, and material loan terms." Doc. 42, ¶ 33. It is undisputed, however, that Defendants provided Ms. Violette with both a Loan Estimate and Closing Disclosures. Doc. 42, ¶¶ 13-16. The Loan Estimate and Closing Disclosures both set forth the finance charge, APR, and material loan terms.   *See* Loan Estimate, Ex. B; Closing Disclosure, Ex. A.

> Furthermore, Section 1640 of the TILA states:
>
> Except as otherwise provided in this section, any ***creditor*** who fails to comply with any requirement imposed under this part, including any requirement under Section 1635 of this title, subsection (f) or (g) of section 1641 of this title or part D or E of this subchapter with respect to any person is liable to such person . . . .

15 U.S.C. § 1640(a) (emphasis added). A creditor is defined as "a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and

13

(2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(g). "The clear language of the TILA requires that only the person to whom the debt is owed on the face of the mortgage is a creditor." *Parker v. Potter*, 232 Fed. App'x 861, 865 (11th Cir. 2007).

Here, the face of the Mortgage that is the subject of Plaintiffs' Amended Complaint identifies the lender to whom payments are to be made as Flyhomes Mortgage, LLC. *See* Mortgage, attached hereto as **Exhibit C**; Credit Disclosures, Ex. A. As such, Defendants do not qualify as creditors and are not subject to the TILA disclosure requirements. Plaintiffs, therefore, have not and cannot assert a TILA claim against Defendants, and their TILA claim should be dismissed with prejudice.

### C. Plaintiffs' Amended Complaint fails to assert a claim for violation of RESPA (Count V).

In Count V of the Amended Complaint, Plaintiffs purport to assert a claim for violation of Section 2607 of the Real Estate Settlement Procedures Act ("RESPA"), which prohibits kickbacks and unearned fees. *See* 12 U.S.C. § 2607; Doc. 42, ¶ 34. "To plead a violation of § 2607(b) of RESPA, a plaintiff must allege that a defendant received fees in exchange for providing 'no, nominal, or duplicative work.'" *Wesolowski v. Title Source, Inc.*, 608 Fed. App'x. 724, 725–26 (11th Cir. 2015)

14

(citations and internal quotations omitted). "Where the fee is for services actually rendered, there is no § 2607(b) violation." *Id.* at 726 (citation and internal quotation omitted). "This is so even where the services provided violated state law." *Id.*

Here, Plaintiffs fail to identify any kickback, unearned fee, or improper referral arrangement that would constitute a violation of RESPA. *See generally* Doc. 42. Rather, Plaintiffs allege Defendants procured a residential mortgage for them. *See generally id.* As Plaintiffs do not identify any fees charged for "no, nominal, or duplicative work," the fees charged for the services Defendants actually rendered to Plaintiffs do not, and cannot, support a claim for violation of Section 2607. Plaintiffs' RESPA claim, therefore, fails to state a claim for which relief can be granted and is due to be dismissed.

Moreover, Section 2607 "does not provide a cause of action for excessive fees – that is, charges where a service was performed, but the plaintiff feels she was overcharged by the service provider." *Hazewood v. Foundation Fin. Grp., LLC*, 551 F.3d 1223, 1225 (11th Cir. 2008) (citing *Friedman v. Market Street Mortg. Corp.*, 520 F.3d 1289, 1296 (11th Cir. 2008). The Eleventh Circuit has further explained that "a RESPA plaintiff may not avoid the prohibition on excessive fee claims by asking a court to divide a fee for services actually performed into 'reasonable' and 'unreasonable' (and hence, unearned) components." *Id.*, at 1225-26. "It follows, therefore, that where a plaintiff concedes that a service is actually performed in

15

exchange for a settlement fee, she may not avoid dismissal of her RESPA claim by arguing that the 'excessive' portion of the fee was 'unearned.'" *Id.*, at 1226. Thus, to the extent Plaintiffs' RESPA claim is based on an argument that the fees charged were too high, Plaintiffs' RESPA claim fails and is due to be dismissed.

### D. Plaintiffs' unjust enrichment claim (Count VI) is subsumed by Plaintiffs' Mortgage.

Alabama law is clear that "express written agreements concerning the same subject matter as the implicit contract underlying [a plaintiff's] unjust enrichment cause of action are fatal to that cause of action, as a matter of law." *See, e.g.*, *Selman v. CitiMortgage, Inc.*, No. 12-0441-WS-B, 2013 WL 838193, at *13 (S.D. Ala. Mar. 5, 2013); *Rice v. JPMorgan Chase Bank NA*, No. 7:14-cv-00318-LSC, 2014 WL 3889472, at *11 (N.D. Ala. Aug. 5, 2014) (dismissing unjust enrichment claim based on existence of mortgage agreement governing same subject matter); *White v. Microsoft Corp.*, 454 F. Supp. 2d 1118, 1133 (S.D. Ala. 2006) ("If the parties' dealings are covered by an express agreement, then there is no need to imply an agreement between them to ward off inequitable results.").

Here, Plaintiffs' unjust enrichment claim consists solely of the allegation that "Defendants retained fees and compensation obtained through unlawful conduct." Doc. 42, ¶ 35. To the extent Plaintiffs' unjust enrichment claim is based on the same subject matter as the mortgage that is the subject of Plaintiffs' Amended Complaint, the existence of the express written mortgage is fatal to Plaintiffs' unjust enrichment

claim as "there is no need to imply an agreement between them to ward off inequitable results." *See White*, 454 F. Supp. 2d at 1133. Accordingly, Plaintiffs' unjust enrichment claim is due to be dismissed with prejudice.

## IV.   Plaintiffs Fail to State a Claim Against the Individual Defendants.

Plaintiffs name individual defendants in the caption of the Amended Complaint but fail to allege any conduct on the part of those individually named defendants. Aside from naming them in the caption, Plaintiffs' only allegations specific to the individuals are statements identifying the individual defendants under the heading "Parties." *See generally* Doc. 42. Because there is no conduct alleged against these Defendants, there is no set of facts which could possibly entitle Plaintiffs to relief against the individual defendants. The Eleventh Circuit affirmed a dismissal of a *pro se* complaint which failed to allege any individual conduct under the pleading standard of a claimed civil rights violation in *Roberts v. Houston County Supreme Court*, No. 20-14857, 2021 WL 6099478 (11th Cir. Dec. 23, 2021):

> Although Roberts appears to allege additional facts on appeal about the USPS's conduct, the factual allegations still fail to specify which individuals allegedly violated her rights or when her rights were allegedly violated and thereby fail to raise a right to relief above the speculative level to state a claim to relief that is plausible on its face, or to give rise to a reasonable inference that USPS was liable for the alleged misconduct. *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974; *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Thus the District Court did not err in dismissing without prejudice Roberts' amended complaint for failure to state a claim.

17

*Id.*, at \*4. Accordingly, the Court should dismiss Plaintiffs' claims, to the extent they exist, against the individual defendants.

## V.   Fictitious Party Pleading is Not Permitted in Federal Court.

Plaintiffs also identify fictitious parties "John Doe Bond Defendants One-Three" in the caption of the Amended Complaint. *See* Doc. 42. Fictitious party pleading, however, is generally not permitted in federal court. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). While the Eleventh Circuit has "created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage,'" that is not the case here. *Id.* Indeed, Plaintiffs identify the John Doe defendants as "sureties or bonding entities legally responsible for the acts of the individual defendants," but otherwise fail to assert any claims against them or state any factual allegations pertaining to them that would allow them to be identified. *See generally* Doc. 42. Accordingly, any claims Plaintiffs purport to assert against the John Doe defendants are due to be dismissed.

**<u>CONCLUSION</u>**

WHEREFORE, premises considered, Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted. Defendants, therefore, respectfully request that the Court dismiss the claims asserted in Plaintiffs' Amended Complaint.

18

Respectfully submitted,

/s/ Katherine E.W. Manning
KATHERINE E.W. MANNING
Bar ID ASB-3893-D67V

*Attorney for Defendants*

**OF COUNSEL:**

John E. Rollins
Katherine E.W. Manning
HAND ARENDALL HARRISON SALE, LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone: 205-324-4400
jrollins@handfirm.com
kmanning@handfirm.com

Douglas L. McCoy
HAND ARENDALL HARRISON SALE, LLC
104 St. Francis St. Ste. 300
Mobile, Alabama 36602
Telephone: 251-432-5511
dmccoy@handfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this day, June 23, 2026 served a copy of the foregoing pleading on the following listed parties either electronically through this Court's CM/ECF System or by mailing the same by United States Mail, properly addressed and first-class postage prepaid.


Gregory Paul Violette
19992 Airport Road
Andalusia, AL 36421

Barbara A. Violette
19992 Airport Road
Andalusia, AL 36421


*/s/ Katherine E.W. Manning*
OF COUNSEL

20