RECEIVED

2026 JUL -2 A 10 52

TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**Gregory Paul Violette and Barbara A. Violette,**
Plaintiffs,

v.                                           Case No. 2:25-cv-01020-ECM-JTA

**West Capital Lending, Inc., et al.,**
Defendants.

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs Gregory Paul Violette and Barbara A. Violette respectfully oppose
Defendants' Motion to Dismiss and state as follows:

## I. INTRODUCTION

Defendants ask this Court to dismiss Plaintiffs' Amended Complaint under
Rules 8, 9(b), and 12(b)(6). The motion asks the Court to resolve factual
disputes, draw inferences in Defendants' favor, and weigh documentary
evidence that should instead be addressed through discovery or summary
judgment.

At the Rule 12(b)(6) stage, the Court must accept well-pleaded factual
allegations as true and draw reasonable inferences in Plaintiffs' favor.
Plaintiffs' Amended Complaint alleges that Defendants participated in the
origination and closing of Plaintiffs' residential mortgage loan through
deceptive and unlawful conduct, including undisclosed fees, materially
different closing terms, appraisal irregularities, inaccurate loan information,
and failures to provide legally required disclosures.

1

Although Defendants characterize the Complaint as conclusory, Plaintiffs have identified the nature of the alleged misconduct, the loan transaction at issue, the parties involved, and the legal claims asserted. To the extent the Court determines that additional factual specificity is required, Plaintiffs respectfully request leave to amend pursuant to Rule 15(a)(2), rather than dismissal with prejudice.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. At this stage, factual allegations are accepted as true and construed in the light most favorable to the plaintiff. Plaintiffs are not required to prove their claims in the complaint.

## III. RESPONSE TO DEFENDANTS' ARGUMENTS

### A. The Complaint Is Not an Impermissible Shotgun Pleading.

Defendants argue that the Amended Complaint fails to distinguish among the individual defendants.

Plaintiffs respectfully submit that the Complaint identifies each defendant, describes each defendant's role in the loan transaction, and alleges that each participated in the conduct giving rise to Plaintiffs' claims.

Moreover, where multiple defendants allegedly participated in a common course of conduct arising from a single loan transaction, some overlap in factual allegations is appropriate at the pleading stage.

Should the Court determine that greater specificity is appropriate, Plaintiffs respectfully request leave to amend rather than dismissal.

### B. Plaintiffs Have Satisfied Rule 8.

Rule 8 requires only a short and plain statement showing entitlement to relief.

2

The Amended Complaint alleges:

- Defendants solicited Plaintiffs' loan;
- loan terms materially changed before closing;
- fees differed from prior disclosures;
- Plaintiffs relied on Defendants' representations;
- Plaintiffs suffered financial damages.

These factual allegations provide Defendants with fair notice of the claims asserted.

## C. Fraud Allegations

Defendants argue Rule 9(b) requires additional specificity.

Plaintiffs acknowledge Rule 9(b)'s heightened pleading standard.

However, many of the specific facts concerning communications, internal underwriting decisions, compensation arrangements, and document preparation remain uniquely within Defendants' possession.

Plaintiffs have identified the loan transaction, the approximate time period, the participants, and the categories of alleged misrepresentations.

To the extent additional detail is required, leave to amend is the proper remedy.

## D. TILA

Defendants contend they are not liable because another entity is identified as the creditor.

Plaintiffs dispute that dismissal is appropriate on this basis.

Whether Defendants had duties or potential liability under TILA depends upon their role in the loan transaction and the specific statutory provisions invoked.

3

The present record is insufficient to resolve those issues as a matter of law.

## E. RESPA

Defendants argue Plaintiffs have not sufficiently identified prohibited conduct.

Plaintiffs allege that settlement-related charges and compensation were not properly disclosed and that unlawful fee practices occurred during the transaction.

Discovery is necessary to determine the precise nature of compensation arrangements, referral payments, and settlement practices.

Dismissal before discovery would be premature.

## F. Individual Defendants

Defendants argue the Complaint fails to allege conduct by the individual defendants.

The Complaint identifies each individual by title and alleges that each exercised authority over loan origination, underwriting, disclosures, sales, or corporate policies relevant to Plaintiffs' loan.

Whether those individuals personally participated or directed the challenged conduct presents factual issues inappropriate for resolution on a Rule 12(b)(6) motion.

## G. Unjust Enrichment

Defendants contend that the mortgage contract bars an unjust enrichment claim.

Plaintiffs respectfully submit that Rule 8 permits pleading alternative theories of recovery.

4

Whether equitable relief ultimately survives depends upon facts developed during litigation.

Dismissal of alternative equitable claims at the pleading stage is premature.

## H. Civil Conspiracy

Defendants argue Plaintiffs have inadequately pleaded conspiracy.

Plaintiffs allege that Defendants acted together during the loan origination and closing process.

Whether concerted action occurred is a factual issue to be developed through discovery.

## I. John Doe Defendants

Plaintiffs acknowledge the Court's authority regarding fictitious-party pleading.

If necessary, Plaintiffs request leave to substitute the identities of additional defendants upon discovery of their identities.

# IV. LEAVE TO AMEND

Should the Court conclude that any claim lacks sufficient factual detail, Plaintiffs respectfully request leave to file a Second Amended Complaint pursuant to Rule 15(a)(2).

Federal courts generally permit amendment where justice so requires, particularly where amendment may cure pleading deficiencies.

Dismissal with prejudice would be inappropriate at this stage.

# V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Deny Defendants' Motion to Dismiss;
2. Alternatively, grant Plaintiffs leave to file a Second Amended Complaint curing any pleading deficiencies identified by the Court; and
3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Dated this 29th day of June 2026

Gregory Paul Violette, Pro Se

Barbara A. Violette, Pro Se



Dr. Gregory & Barbara A. Violette
19992 Airport Rd
Andalusia, AL 36421



United States District Court
Middle District of Alabama
1 Church Street, Suite B-110
Montgomery, AL 36104-4018